288

59 So.2d 81

## BERGWARDT v. BERGWARDT.

### 7 Div. 127.

Supreme Court of Alabama.

May 15, 1952.

H. C. Orme, Jr., Gadsden, for appellant.

Roy D. McCord, Gadsden, for appellee.

BROWN, Justice.

On the 21st day of March, 1950, the Circuit Court of Etowah County, in Equity, granted a decree of divorce to the appellee from his wife with whom he had lived for 40 years or more on the grounds of abandonment. In the decree the wife was allowed alimony in monthly sums of $150 per month, payable on the first of April, 1950, and each month thereafter until' further orders of the court. The decree directed the money to be paid directly to the Register of the Circuit Court of Etowah County. The wife was also allowed the sum of $350 as solicitor's fee to be paid to her solicitor Mr. H. C. Orme, Jr. for representing her in the divorce and alimony proceedings.

The appellee, as the record shows, married a young woman 38 years of age in September, 1950. On the 18th of June, 1951, he filed a petition seeking a reduction of the amount of the alimony allowed his former wife in said final decree, alleging that petitioner's income had been greatly reduced since the final decree and on the further ground that petitioner had remarried and because of the additional expense was unable to pay alimony so ordered in the original decree.

On the hearing of the petition the court reduced the allowance to the former wife from $150 to $100 per month. From the decree modifying the former decree, this appeal is prosecuted by the respondent and cross complainant.

The evidence without material dispute shows that the petitioner has been continuously employed since the original decree of the court was rendered; that he was receiving from his employment a salary in excess of $8,000 or $9,000 per annum, with bonuses, and that his regular salary had been increased from $125 to $150 per week; that he had purchased a lake and constructed a residence adjacent thereto in which he had invested more than $8,000 and he only owes on said real property about $4,-500. He admitted on his cross examination that he had never voluntarily paid one cent on said allowance of alimony under the former decree of the court.

The testimony of Mrs. Ivey, who is employed by the firm which employs the appellee and familiar with the accounts of said firm, testified that the appellee's earnings from January 1, 1951, to the date of the hearing (about a six months period) was $4,325 without bonus.

After full consideration of the testimony we are of opinion that the petitioner does not come into court with clean hands. That under the circumstances he should have made some effort to pay his former wife the alimony which the court decreed to her. The decree of the circuit court, in equity, modifying the former decree and reducing the allowance to $100 is reversed and the allowance is restored to its original amount of $150, payable monthly, on the date fixed in said first final decree. The cause is remanded to the circuit court in equity for enforcement with the suggestion that the court ascertain the amount of

alimony in arrears and render a lump sum decree therefor, ordering process for its collection.

Reversed, rendered and remanded.

LIVINGSTON, C. J., and FOSTER and STAKELY, JJ., concur.