83 So.2d 306

Bernice MAPLES et al.,

v.

T. H. CORDER et al.

8 Div. 770.

Supreme Court of Alabama.

Nov. 10, 1955.

569

Macon L. Weaver, Huntsville, for appellees.

Thos. D. McDonald and Jack Giles, Huntsville, for appellants.

STAKELY, Justice.

Mrs. Bernice Maples and her husband David Maples filed a bill in equity in the present case against T. H. Corder and wife Lora Corder in order to establish an equitable lien on a certain lot of land located in Huntsville, Alabama. The complainants claim the right to such equitable lien upon the aforesaid property, which is in the possession of the respondents, for services rendered, supplies furnished to the respondents and for improvements made upon the property.

The case of the complainants appears to be based upon two theories, (1) that the respondents executed a deed to the property to the complainants in consideration of an agreement upon the part of the complainants to support the grantors during life and (2) that the complainants were to have joint possession of the property with the respondents and expended considerable sums of money thereon in improving the property and in paying for the support and maintenance of the respondents.

There was no demurrer to the bill but simply an answer filed by the respondents admitting their ownership of the property involved and denying that the complain-

ants had any right or interest in the property or were entitled to have any lien established upon the property.

The case was tried orally before the court and the court found that the complainants were not entitled to relief under the provisions of § 15, Title 20, Code of 1940, for expenditures incurred, services performed in caring for the grantors and permanent improvements made on the property. The court further found that the complainants "having breached the contract, they are not in position to ask for any damages."

Tendencies of the evidence showed that the Maples (complainants) became good friends of the Corders (respondents) who owned the property in question. During the early part of their acquaintance the parties referred to as the Bells lived on the property along with the Corders under some kind of arrangement whereby the Bells would support and take care of the Corders. The Corders became dissatisfied with the arrangement with the Bells and agreed with the Maples that if they would occupy the house along with the Corders and pay for their maintenance and support for life, the property would become the property of the Maples. Tendencies of the evidence show that in order to get the Bells to vacate, a deed was executed by the Corders to the Maples, conveying the property to the Maples upon the consideration that the Maples would support the Corders during the rest of their lives. When the Bells were informed of the arrangement between the Maples and Corders, the Bells left the property without making claim of any kind. The Maples thereupon moved in to the home of the Corders, Mrs. Maples bringing the deed with her and placing it in a drawer of her chest. Tendencies of the evidence show that there was an understanding between the Maples and Corders that when the Bells had left and the Maples had entered the property, the deed would be destroyed, the deed being merely a subterfuge to get the Bells to vacate.

After the Maples had lived with the Corders for about a year, there were marital troubles between the Maples which resulted in a divorce. Maples left for Peoria, Illinois, where he subsequently resided and Mrs. Maples also left the property.

Without determination as to whether the deed was still in existence the court held that the Maples were not entitled to a lien on the property for expenditures which they had made for the support and maintenance of the Corders or for improvements made on the place. There is a line of authorities in Alabama which holds that where a grantor rescinds a deed of which a material part of the consideration is support and maintenance, the grantee having complied with the terms of the conveyance may be compensated for reasonable expenditures and services performed in caring for the grantor and for the value of such reasonable permanent improvements on the property which the grantee has made, which in equity and good conscience appear to be just. Hipp v. McMurry, Ala., 81 So.2d 531; Petty v. Chamberlain, 253 Ala. 453, 45 So.2d 161; Cornelius v. Walker, 248 Ala. 154, 27 So.2d 17. The court found, however, that since the Maples had breached the contract, they were not entitled to any lien on the property for the expenditures which they had made. The position taken by the court is supported by the foregoing authorities and we find no error in this feature of the decree.

It is further insisted, however, by the appellants who were complainants in the lower court, that they are entitled to a lien upon the property under the equitable doctrine of unjust enrichment and estoppel, which was referred to in Taylor v. Shaw, 256 Ala. 467, 55 So.2d 502. It was pointed out in that authority as well as in Lee v. Menefield, 249 Ala. 407, 31 So.2d 581, that when a person makes improvements on property of another or otherwise improves its value being induced to do so by fraud, duress, undue influence or mistake of such a character that he is entitled to restitution, an equity court will establish an equitable lien upon the property. The court in the instant case held that there was no proof of any fraud, undue influence or mistake and, therefore, denied the establishment of a lien. In this respect we think the court

acted properly. But it is claimed by the appellant that the deed executed by the Corders to the Maples in order to get the Bells to leave the property constituted in effect a fraud and, accordingly, that there was a fraud practiced in the instant case. In this we do not concur. Assuming for the purpose of discussion that there was such a fraud practiced, it is sufficient to say that the Maples were parties to the arrangement and cannot be aided in such a situation. It is settled that where parties are guilty of fraud, the law will leave them as it finds them and will not aid a party who has participated in the fraud. Baird v. Howison, 154 Ala. 359, 45 So. 668; Glover v. Walker, 107 Ala. 540, 18 So. 251; Boyd v. Barclay, 1 Ala. 34.

We have read the evidence and studied the opinion of the court with great care and consider that the decree of the lower court is due to be affirmed.

Affirmed.

LIVINGSTON, C. J., and LAWSON and MERRILL, JJ., concur.