210 So.2d 800

**Bill G. CARTER**

v.

**Sam Ben CARTER.**

**4 Div. 213.**

Supreme Court of Alabama.

May 23, 1968.

Gallion & Hare, Montgomery, for appellant.

Kettler & Kettler, Luverne, for appellee.

LIVINGSTON, Chief Justice.

From a review of the record, we believe that the modified final decree of the lower court adequately sets forth the facts presented to the trial court. The modified decree reads as follows:

"This cause was submitted for final decree upon the pleadings and the testimony taken orally before the Court.

"The Complainant claims to own a farm and certain cattle, all of which are described in his Bill of Complaint, and seeks a permanent injunction against the Respondent to restrain him from trespassing upon the farm and interfering with the proper operation thereof.

"The Respondent, by cross-bill, claims to own an undivided one-half interest in the farm, and to own a number of the cattle on the farm. He alleges that the Complainant, who is his brother, himself, and two other brothers were tenants-in-common of the farm, each of them owning an undivided one-fourth interest therein; that he and Complainant bought and paid for the shares of the two other brothers, but that by agreement these brothers conveyed their shares to Complainant; and that Respondent also conveyed his share to Complainant; that the title was conveyed to Complainant to facilitate the obtaining of credit for the operation of the farm; and that Complainant agreed to convey to him an undivided one-half interest in the farm whenever he might so request; and that he has made the request and been denied. He prays to have a resulting trust declared in his favor and the vesting in him by the Court of an undivided one-half interest in the farm. He also asserts undivided ownership in 35

head of cattle and their increase on the farm, which he conveyed to the Complainant allegedly for the same reason for the land conveyance, and he seeks recovery of the cattle and an accounting for any disposed of cattle that belonged to him. All of this Complainant denies, and avers that he bought and paid for Respondent's interest in the land and cattle.

This Court finds as a fact from the evidence that the Respondent paid a part of the consideration to two of the brothers for their interest in the farm and that there was an agreement between the Complainant and the Respondent that the Complainant would hold the title for their joint benefit and would convey to Respondent an undivided one-half interest in the farm upon request. However, the Respondent, himself, testified that as a part of this agreement the Complainant agreed for the title to the farm to be taken in Complainant's name in order 'to protect against the judgment,' meaning a pending suit against the Respondent filed by Luverne Implement Company. As to the cattle, the Complainant and the Respondent agreed to place the title in the name of Complainant about two years later, after a judgment had been rendered against Respondent, in order that a loan might be obtained on said cattle and a valid mortgage given thereon, thus attempting to avoid the handicap on Respondent's title to such cattle resulting from said judgment.

"Therefore, the Court is further of the opinion that neither of them comes into Court with clean hands, that neither of them is entitled to relief, and that the bill and cross-bill should be dismissed; also that the temporary injunction originally issued should be dissolved.

"It is, therefore, ORDERED, ADJUDGED AND DECREED by the Court that:

"1. The Complainant be and he hereby is denied the relief under his bill, the temporary injunction heretofore issued

against the Respondent is dissolved and said bill of complaint is dismissed.

"2. The Respondent-Cross Complainant is denied relief under his cross-bill and the same is dismissed.

"3. The costs in this cause are taxed against Complainant, for the collection of which execution may issue.

"Done this 25th day of September, 1964."

Appellant assigns as error, No. 4, that the trial judge erred in denying relief to respondent-cross complainant under his cross bill and dismissing the same. Appellant's argument as set out in brief is as follows:

"We submit that it is obvious that the Trial Court applied the doctrine of 'clean hands' strictly, and exercised no equitable discretion in its application. The Trial Court's application was formal, rigid, and absolute."

The application of the "clean hands" doctrine was a matter peculiarly within the sound discretion of the trial court, Moore v. Hawk, 270 Ala. 684, 121 So.2d 904, and after a careful review of the record and the findings of fact by the trial judge, we do not find that the trial judge abused his discretion.

Appellant also argues in brief that the lower court has erred in not finding a resulting trust in favor of the appellant as to the realty and an express trust as to the cattle. A long line of Alabama cases has held that where an owner of realty has conveyed his interest in order to hinder, delay or defraud his creditors, the transaction is binding as to the grantor. Glover v. Walker, 107 Ala. 540, 18 So. 251; Kirby v. Raynes, 138 Ala. 194, 35 So. 118; Phillips v. Bradford, 147 Ala. 346, 41 So. 657; Baird v. Howison, 154 Ala. 359, 45 So. 668; McCurdy v. Kenon, 178 Ala. 345, 59 So. 489; Harton v. Little, 188 Ala. 640, 65 So. 951; Perkins v. Perkins, 206 Ala. 571, 91 So. 256; Pace v. Wainwright, 243 Ala. 501, 10 So.2d 755; Maples v. Corder, 263 Ala.

568, 83 So.2d 306. The same rule also applies as to personal property. Brantley v. West, 27 Ala. 542.

The pending suit mentioned in the lower court's decree was in regard to a tractor appellant had bought from the Luverne Implement Company. He failed to meet the payments on it, and it was then repossessed and sold at public auction. The pending suit was for the deficiency between the amount owed and the amount the tractor was sold for at auction. Therefore, at the time respondent conveyed his interest in the realty, Luverne Implement Company was a creditor. Also, at the time the title to the cattle was conveyed the case had been tried and the judgment was outstanding against the respondent.

As the trial judge found that the respondent had conveyed his interest in the realty and cattle in order to escape his creditors, we find no error in the refusal of the trial court to give relief to appellant.

Appellant has argued that for "the appellee to reap the fruits of this unjust enrichment is ample reason to relax the doctrine of 'clean hands.'"

In Baird v. Howison, 154 Ala. 359, 45 So. 668, quoting from Clemens v. Clemens, 28 Wis. 637, 9 Am.Rep. 520, 531, it was stated:

"* * * 'The principle or policy of the law, therefore is to reject the suit of and reprove the plaintiff [here the respondent-cross complainant] for his wrong, not to reward the defendant. The plaintiff must be punished, even though it may be at the expense of allowing the defendant, an equally guilty party, to obtain most unjust and unfair advantage for himself. * * *'"

For the reasons set out above, we must affirm the decree of the trial court.

Affirmed.

LAWSON, COLEMAN and KOHN, JJ., concur.