This is a divorce case. The husband appeals from the trial court's denial of his petition to modify a prior divorce decree. We affirm.
The parties were divorced November 20, 1975. The husband filed his petition to modify on January 4, 1978. He alleged that he had been fired from his former job at U.S. Steel and had insufficient income to meet the obligations of the prior judgment. The judgment of divorce required of the husband monthly alimony payments of $600 and the making of the wife beneficiary of $20,000 of life insurance.
The wife filed a petition for Rule Nisi on January 10, 1978, alleging that the husband had failed to comply with the court's previous decree; that he was $3,400 in arrears in alimony payments and had not complied with the insurance provisions of said decree.
The husband's petition to modify and the wife's petition for Rule Nisi were heard by the court on March 1, 1978. After hearing, the court found the husband was in arrears in payment of alimony in the amount of $4,000; his failure to comply with the judgment was due to his willful contumacy; and he was in contempt of court. The court continued the hearing on the petition to modify until April 27, 1978 in order to allow the husband to purge himself of contempt.
On April 27 the husband tendered $4,000 to the wife's lawyer in open court, but had not complied with the order requiring him to provide $20,000 of life insurance with the wife as beneficiary. He was committed to jail for contempt.
On June 22, 1978 hearing was had to decide the husband's petition to modify. It was shown that four additional months' alimony had become due as of June 20 since the husband's payment of $4,000 on April 27, and that the insurance to which the wife had been recently made beneficiary was so encumbered by loans to the husband that its pay-off value was less than $20,000. Upon showing of the continuing deficiency and the defalcation of the husband, the court stated in open court and by subsequent order that the husband's hands were unclean for failure to comply with the previous orders of the court. For that reason the petition to modify was denied and a judgment for $600 for attorney fees was given the wife.
The husband primarily contends the unreasonableness and unfairness of the trial court in failing to grant his request for modification. He insists that the evidence of his financial inability to pay the award of alimony is preponderant and to refuse him relief is an abuse of discretion. He does not confront the stated reason for the denial of his requested relief. We have shown that reason was stated by the court to be his violation of the equitable principle of "clean hands". We find the denial of the petition for modification to be without error whether considered in light of the evidence as to the petitioner's financial condition or whether considered in light of the principle of "clean hands."
The equitable principle of "clean hands" or that of "he who seeks equity must do equity" is still appropriately viable even though the forms of common law equity actions have been deleted from practice. Cone v. Cone, 331 So.2d 656 (Ala. 1976). It has been said that the application of the "clean hands" doctrine is a matter peculiarly within the sound discretion of the trial court. Carter v. Carter, 282 Ala. 239, 210 So.2d 800 (1968). It may be applied by the court in cases seeking reduction of alimony. Bergwardt v. Bergwardt, 257 Ala. 288, 59 So.2d 81
(1952). The court in this case applied the doctrine only after having found the husband in contempt for failure to comply with its order, permitted him opportunity to purge himself and then *Page 554 
subsequently found him again four months in arrears in payment of alimony. We iterate that we find no error in the dismissal or denial of the petition for modification filed by the husband under the "clean hands" principle.
We also have considered the evidence brought out at the hearing on the petition and would affirm the judgment of denial of relief had it been entered upon the evidence.
We award the wife $500 for services of her attorney on appeal.
AFFIRMED.
BRADLEY and HOLMES, JJ., concur.