EDWARD N. SCRUGGS, Retired Circuit Judge.
This is post-divorce litigation.
The former wife sought to place the former husband in contempt of court for failure to pay certain items which were required to be paid under the terms of their July 1980 divorce judgment. By his testimony the husband admitted to being delinquent for the months of November and December 1983 in his periodic alimony payments of $200 per month, in his required house payments of $310 each month, and in the payment of insurance premiums of $60 monthly. He further stated that he had not paid the child support of $150 for the month of December 1983. His evidence was directed towards his inability to make those payments, a complete defense to contempt proceedings. Williams v. Stumpe, 439 So.2d 1297 (Ala.Civ.App.1983).
He is presently forty-one years of age. The former husband was current in his divorce judgment obligations when he retired on November 1, 1983, after twenty-one years of service in the U.S. Army. His monthly income then was reduced from $1,600 to a net of about $750. Since his retirement, his only source of income was from his Army retirement although he stated that he operates, without pay, a small cafe for his ill mother. However, he has plans to do something else which was not revealed by his testimony. The former husband testified that his personal expenses almost equal his retirement pay. He has remarried and his present wife works short weeks making from $40 to $60 weekly. Only two months and five days separated his retirement and the trial of this case.
The former wife presently has the same employment as when the divorce was rendered. The parties are still the joint owners of their former home where the former wife and the children still reside. Since his retirement, the former husband purchased a $21,000 house, having financed all of the purchase price.
The aboye constitutes a summary of the evidence which was offered at the trial.
The trial court adjudged the former husband to be in contempt of court for the deficiencies as admitted by him in his testimony, and he was ordered incarcerated in the county jail if he thereafter failed to make the required current payments and if he did not purge himself from contempt by making purge payments as therein specified. The former husband appealed and his former wife has moved to dismiss the appeal since appeal is not the proper remedy to review contempt proceedings. However, we opt to treat the appeal as being certiora-ri proceedings and overrule the appellee’s motion to dismiss the appeal. Murphy v. Murphy, 395 So.2d 1047 (Ala.Civ.App.1981).
In a review of this matter, we only look to the evidence to ascertain if any part of the testimony or any reasonable inference therefrom supports the holding of contempt. Brady v. Brady, 358 So.2d 744 (Ala.Civ.App.), cert. denied, 358 So.2d 748 (Ala.1978). Here, the former husband is forty-one years of age, is apparently in good health, has a monthly net retirement income of about $750, and has undisclosed future income plans. He has remarried since the divorce. He purchased a home after his retirement. He still owns a one-half interest in the home of these parties. Other than his equity in the houses of his present and former marriages, there is no evidence in the record of the existence or non-existence of cash, bank accounts, savings, notes receivable, stocks, bonds, real estate, vehicles, choses in action, personal property, or other assets of any nature owned by him. Evidently, he paid his personal bills during the two-month period in question. Except for his present house payments of an undisclosed amount and except for his divorce obligations, there was no evidence of any other indebtedness owed by him. Neither were his expenses established. In short, the state of the evidence was such that the trial court could have readily concluded that the former husband had not proven a lack of financial ability to pay. The trial court did not err in the contempt adjudication. Dawson v. *873 Dawson, 453 So.2d 1054 (Ala.Civ.App.1984); Brady v. Brady, 358 So.2d 744 (Ala.Civ.App.), cert. denied, 358 So.2d 748 (Ala.1978).
The former husband had first sought a reduction in his periodic alimony-payments of $200 each month since his retirement had reduced that source of income by approximately fifty percent. The circuit court determined that the husband was not entitled to a reduction in alimony because he was in contempt of . court for failure to comply with the provisions of the divorce judgment.
The law upon that issue was summarized most aptly as follows:
“The equitable principle of ‘clean hands’ or that of ‘he who seeks equity must do equity’ is still appropriately viable even though the forms of common law equity actions have been deleted from practice. Cone v. Cone, 331 So.2d 656 (Ala.1976). It has been said that the application of the ‘clean hands’ doctrine is a matter peculiarly within the sound discretion of the trial court. Carter v. Carter, 282 Ala. 239, 210 So.2d 800 (1968). It may be applied by the court in eases seeking reduction of alimony. Bergwardt v. Bergwardt, 257 Ala. 288, 59 So.2d 81 (1952).”
Adams v. Adams, 368 So.2d 552, 553 (Ala.Civ.App.1979).
While other judges, in the exercise of that discretion, might have modified the periodic alimony payments because of the former husband’s changed circumstances, we do not find that the trial court erred in this case by the discretionary application of the clean hands doctrine.
We affirm.
The appellant shall pay $350 to the appel-lee as an attorney’s fee upon this appeal.
The foregoing opinion was prepared by Retired Circuit Judge EDWARD N. SCRUGGS while serving on active duty status as a judge of this court under the provisions of § 12-18-10(e) of the Code of Alabama of 1975 and this opinion is hereby adopted as that of the court.
AFFIRMED.
All the Judges concur.