This is a periodic alimony modification case.
The former husband, Mr. Lowe, filed a petition to modify the divorce judgment in regard to monthly alimony of $1,000 granted to Mrs. Lowe. He alleged that there had been a material change of circumstances since the granting of the judgment of divorce, because his income has been so materially reduced that he is not financially able to make the ordered payments. His other averment was that the former wife is financially able to provide for her support and that her financial status has improved. Mrs. Lowe's motion to dismiss that petition contained a ground that Mr. Lowe "lacks clean hands in that he is currently in arrears in his court ordered alimony payments." The trial court granted that motion to dismiss. In ruling upon the former husband's motion to reconsider, the following judgment was entered:
 In the marathon judicial battle between Rufus S. Lowe, Jr. and Sara S. Lowe, the Petitioner has filed a Motion to Reconsider the Court's granting of a Motion to Dismiss, based on "clean hands" doctrine, stating that it would be necessary that evidence be heard in order for the Court to make the determination that *Page 970 
the "clean hands" doctrine should apply. This Court has heard evidence in this case on numerous occasions which established a pattern on the part of the Husband of secreting assets and making misrepresentations concerning the condition of assets and the ability of the Husband to pay the Court-ordered alimony. [The] Court takes judicial notice of a recent partition sale involving these parties, conducted through the offices of this Court, in which the Husband, through an undisclosed agent, bid for and purchased property for a considerable sum of money within a short period of time after representing to the Court that Petitioner had no assets. This Court feels no compulsion to entertain never-ending legal proceedings under such circumstances, and has no real question, based on all prior contacts with Petitioner, but that the Petitioner could bring payments of alimony current at this time so as to allow the bringing of this petition.
 "Under such circumstances the Court will not entertain the petition and the petition is DISMISSED."
Mr. Lowe timely appealed. Mrs. Lowe has filed no brief in this court.
One question is whether a motion to dismiss is the proper vehicle to raise a lack of clean hands issue. The seven grounds for a motion to dismiss or other defensive motions are set forth in Rule 12 (b) of the Alabama Rules of Civil Procedure, and the application of the clean hands doctrine does not fall within any of those specified grounds for any defensive motion. Here, the face of the petition does not indicate that Mr. Lowe has unclean hands. Accordingly, that matter should be raised by an affirmative defense under Rule 8 (c) as being a matter which constitutes an avoidance or affirmative defense. Normally, it would be inappropriate for a summary judgment to be granted because of a lack of clean hands since, with regard to that doctrine, genuine issues of material facts are generally present. Unless a clean hands matter is such that a summary judgment could be properly granted, it would be an evidentiary trial issue.
Here, the ruling was upon a motion to dismiss, not upon a summary judgment. However, even if it be construed as a summary judgment matter, there was no supportive evidence of a lack of clean hands on Mr. Lowe's part. The facts as set forth in the judgment were untranscribed, dehors the record, or were premature findings of fact made without evidence thereon.McClendon v. City of Boaz, 395 So.2d 21, 26 (Ala. 1985).
We have extensively researched the question of when the clean hands doctrine has been brought into consideration for application, and the domestic relations cases indicate that the decisions as to whether or not to apply it occur after a trial.Cone v. Cone, 331 So.2d 656 (Ala. 1976); Carter v. Carter,282 Ala. 239, 210 So.2d 800 (1968); Morgan v. Morgan, 275 Ala. 461,156 So.2d 147 (1963); Bergwardt v. Bergwardt, 257 Ala. 288,59 So.2d 81 (1952); Petty v. Petty, 455 So.2d 871 (Ala.Civ.App. 1984); Adams v. Adams, 368 So.2d 552 (Ala.Civ.App. 1979); Coxv. Cox, 48 Ala. App. 574, 266 So.2d 784 (1972). No case was found in which the doctrine was pretrial applied through a motion to dismiss or a motion for a summary judgment.
The law concerning the clean hands doctrine has been briefly stated as follows:
 `"The equitable principle of "clean hands" or that of "he who seeks equity must do equity" is still appropriately viable even though the forms of common law equity actions have been deleted from practice. Cone v. Cone, 331 So.2d 656 (Ala. 1976). It has been said that the application of the "clean hands" doctrine is a matter peculiarly within the sound discretion of the trial court. Carter v. Carter, 282 Ala. 239, 210 So.2d 800 (1968). It may be applied by the court in cases seeking reduction of alimony. Bergwardt v. Bergwardt, 257 Ala. 288, 59 So.2d 81
(1952)."'
Petty v. Petty, supra; Adams v. Adams, supra. If evidence reveals that a former *Page 971 
spouse has come into court without clean hands due to an unexcused failure to pay court-ordered alimony, and if the state of the evidence is such that such payor spouse could otherwise be granted a modification of a judgment as to the payment of alimony, the clean hands doctrine could be invoked or not in the judicial discretion of the trial court. Under these circumstances, modification of alimony could be either granted or denied in the exercise of the trial court's discretionary powers. Petty v. Petty, supra.
For the foregoing reasons, the learned trial court erred in granting the former wife's motion to dismiss, and this case is reversed and remanded to the trial court.
The foregoing opinion was prepared by retired Circuit Judge EDWARD N. SCRUGGS, serving on active duty status as a judge of this court under the provisions of § 12-18-10 (e) of the Code of Alabama 1975, and this opinion is hereby adopted as that of this court.
REVERSED AND REMANDED.
All the Judges concur.