This is a divorce case.
The parties were married in 1953. There were no children born of the marriage.
The wife, Mary Kellam, filed for divorce in December 1989. After ore tenus proceedings, the trial court issued a judgment of divorce in November 1990. The husband, Clebert Kellam, was given possession of the marital residence, though the parties were to remain joint owners with a right of survivorship. The husband was to be responsible for all expenses on the property, including mortgage payments, taxes, insurance, and maintenance. The husband's right to possession would be terminated upon his remarriage, his cohabitation, or his abandonment of the property for more than thirty consecutive days, excluding time for any hospitalization. The wife was awarded the parties' other real estate, which includes real property with a mobile home. She was to be responsible for any outstanding mortgage payments on that property. The husband was awarded his vehicles, including two cars, a truck, and a motorcycle. The wife was awarded her two cars. Various other items of personalty were divided between the parties. The wife was held responsible for her credit card accounts. The husband was ordered to pay the wife $3,250.00 in order to achieve an equitable property division. Both parties were ordered to keep and maintain each other as beneficiary to any existing life insurance policies, terminable upon remarriage of the beneficiary. The wife was ordered to bear the burden of her health insurance costs. The husband was ordered to pay the wife $300.00 per month as periodic alimony, terminable upon her remarriage or cohabitation. From this order, the husband appeals.
The husband contends that, given the facts of this case, the trial court erred in its award of alimony and in its division of real property.
At the outset we note that when we review a trial court's judgment in a divorce case presented ore tenus, we will presume the judgment to be correct unless it is shown to be plainly and palpably wrong or unjust. Brannon v. Brannon, 477 So.2d 445
(Ala.Civ.App. 1985). The trial court is given broad discretion in a divorce case and its decision will not be overturned unless it is unsupported by the evidence or is otherwise palpably wrong. Stricklin v. Stricklin, 456 So.2d 809
(Ala.Civ.App. 1984).
The husband argues that the trial court's decision was unsupported by the evidence. We disagree. The husband correctly states that the evidence indicates that the wife is fifteen years younger than the husband and is regularly employed, while the husband is retired and the money he receives monthly from his pension and Social Security benefits is fixed at approximately $875.00 per month, an amount less than the wife's monthly income. The record also indicates that the wife earns minimum wage caring for a ninety-six year old man. Her income is less than $1,000.00 per month, though she works over fifty-five hours per week. There was testimony that her health insurance was going to cost her over $300.00 per month after this divorce. *Page 357 
Further, there was evidence that the wife applied monetary proceeds from an inheritance to help pay for the marital residence, and that she purchased the second piece of real property, which contains the mobile home, with her own money. The testimony of the husband regarding the whereabouts of assets he had in his possession prior to the trial was vague and contradictory, but it was clear that he had withdrawn over $13,000.00 from one of his accounts. The husband accounted for the absence of some of the funds in question by testifying that he had donated money to charities. There were no records of any such contributions, according to the husband's testimony, because he had mailed cash to the charities in question and had not requested a receipt, though he claimed to be conservative with his money. There was also testimony from the wife regarding the existence of other assets in her husband's possession, including a certificate of deposit valued at $20,000.00, which she claims to have seen in the trunk of his car. There were no findings of fault with regard to either party.
We have considered the evidence of the wife's contributions to this marriage of thirty-seven years, her current employment situation with its minimum wage and uncertain future, the increase in her insurance costs, and the conflicting testimony regarding the husband's finances, along with the strong presumption in favor of the trial court's judgment. We cannot say the judgment of the trial court is unsupported by the evidence, nor can we view its award of alimony or its division of real property as plainly and palpably wrong or unjust.
The judgment of the trial court is affirmed.
AFFIRMED.
ROBERTSON, P.J., and RUSSELL, J., concur.