The parties were divorced in March 1986. Pursuant to the divorce decree, custody of the parties' three minor children was awarded to the wife. The husband was ordered to pay child support in the amount of $250 per month per child and periodic alimony in the amount of $1,525 per month. He was also ordered to pay the children's *Page 956 
medical bills and all amounts due on state and federal income taxes owed during the period of the marriage.
In June 1991 the husband filed a petition to modify the divorce decree, alleging changed circumstances and seeking to have his child support payments and alimony obligation reduced. The wife counterclaimed, asking to have the husband held in contempt for his continued failure to comply with the divorce decree. The court had entered prior judgments in December 1990 and February 1991, finding the husband in contempt with an arrearage of over $15,500 and ordering him confined to jail until such time as he paid the full amount of the arrearage. However, by agreement of the parties, the court issued a subsequent order releasing the husband from jail. At that time he was again directed to comply with the divorce decree.
In August 1991, following an ore tenus proceeding on the husband's petition and the wife's counterclaim, the trial court entered an order wherein it found that the husband was approximately $26,658 in arrears in the payment of child support and alimony. In addition, the court found that the husband owed the wife $100 in medical bills for the minor children and an additional $846 because the wife's refund had been intercepted by the IRS due to the husband's failure to pay back taxes. The court further found that the husband's hands were unclean due to his "flagrantly contemptuous" course of conduct in regard to his obligations under the divorce decree. For that reason the husband's petition to modify was denied.
The husband appeals. We affirm.
The husband primarily contends that there was evidence of his financial inability to pay the awards of child support and alimony and that the trial court abused its discretion by denying his petition to modify. He does not, however, confront the stated reason for the court's denial of the requested relief.
The equitable principle of "clean hands" or that "he who seeks equity must do equity" is still appropriately viable even though the forms of common law equity actions have been deleted from practice. Cone v. Cone, 331 So.2d 656 (Ala. 1976). It has been said that the application of the "clean hands" doctrine is a matter peculiarly within the sound discretion of the trial court. Carter v. Carter, 282 Ala. 239, 210 So.2d 800 (1968). It may be applied by the court in cases seeking reduction of alimony. Bergwardt v. Bergwardt, 257 Ala. 288, 59 So.2d 81
(1952).
The trial court in the instant case applied the clean hands doctrine after determining that the husband remained in contempt for his continued failure to comply with the terms of the divorce decree. Since the court's December 1990 contempt judgment, the husband's arrearage increased by over $11,000, and it appears that he had made little effort to purge himself of contempt. Moreover, the wife had been forced to pay medical bills on behalf of the minor children, and her tax refund had been condemned by the IRS because of the husband's failure to pay taxes accrued during the marriage.
The record reflects that the husband did not seek a review of the prior contempt decree. A party in contempt who has violated a decree of the court is not entitled to be heard on a petition for modification until he purges himself. Childress v.Childress, 378 So.2d 1147 (Ala.Civ.App. 1979). Notwithstanding the fact that the husband was in contempt of the very decree he was attempting to persuade the court to modify, the trial court heard his modification request and then denied it.
Inasmuch as the trial court allowed a hearing on the merits of the husband's petition, we conclude that there was ample evidence presented for the court to deny the husband's petition to modify. Accordingly, we would affirm the trial court's judgment had it been entered upon the evidence.
The husband is self-employed as the sole proprietor of an accounting firm. Therefore, he controls, to a large extent, the effort he will put into generating income and the business expenses incurred therein. The documented evidence presented *Page 957 
at trial showed that the husband's income increased between 1986 and 1988. His gross income for 1986 was approximately $63,000; in 1988 it was approximately $79,000. However, the husband did not present documented evidence of his income for 1989, 1990, or 1991. He claimed that his business showed a loss in 1990 and estimated that his net business income for 1991 was $45,000, based on a projected gross income of approximately $60,000. However, he later testified that the business "took in" approximately $73,000. He further testified to having paid a total of approximately $1,300 per month for the lease of three cars used in his business during 1989 and 1990. Evidence also indicated that he spent over $200 per month for business telephone lines. He employs his current wife in his company, and her salary is a business expense, although he testified that he stopped paying her salary in late 1990. In 1991 he took a trip for a business "seminar" with his current wife and her two children. He claimed that he had judgments against him totalling over $100,000 and that his business was on the verge of bankruptcy. However, he stated that he has not yet filed for bankruptcy.
In light of the husband's ongoing contempt, the trial court was free to consider the credibility of the husband's estimates of income and debts and to assess his choice of lifestyle.
We find that the husband also failed to make a showing of a substantial and continuing change of circumstances sufficient to warrant a modification of child support. See Rule 32(A)(2)(ii), Alabama Rules of Judicial Administration. (We would note that since the divorce decree, the parties' oldest child reached the age of majority, and, accordingly, the husband's support obligation has already been reduced to $500 per month.)
The well-established rule on appeal is that the trial court's judgment following an ore tenus proceeding is presumed correct and will not be set aside unless it is plainly and palpably wrong. Lucero v. Lucero, 485 So.2d 347 (Ala.Civ.App. 1986). The modification of a prior decree for child support and alimony, based on a purported change in the circumstances of the parties, is a matter largely within the sound discretion of the trial court. We will not reverse the trial court's judgment on these issues absent a showing that the court has abused its discretion. Brannon v. Brannon, 477 So.2d 445 (Ala.Civ.App. 1985).
In view of the above, and the attendant presumption of correctness, we find no error or abuse of discretion by the trial court. The trial court's judgment is due to be affirmed.
AFFIRMED.
ROBERTSON, P.J., and THIGPEN, J., concur.