This is a post-divorce proceeding.
Grace Holman and Charles Holman divorced in 1974. The divorce judgment awarded alimony and child support, and it awarded the marital residence to the wife, with certain restrictions, including that she was to make mortgage payments. It additionally ordered that, upon the wife's remarriage, the home would be sold and the proceeds of the sale would be divided equally between the husband and the wife. That judgment was modified on the wife's motion in July 1982, ordering the husband to pay increased child support. This court affirmed that modification. Holman v. Holman, 435 So.2d 98
(Ala.Civ.App. 1983). In 1983, the husband was found in contempt for delinquency in his support obligation. *Page 493 
The record reveals that the wife remarried in November 1982, that she stopped making the mortgage payments on the marital home, and that foreclosure was executed. The trial court found that the house was sold at foreclosure for a "grossly inadequate sum" of approximately $50,000, to a friend of the wife's new husband. The trial court determined that "the more realistic value" of the house was $100,000. The trial court further found that the friend used the house as rental property for about three years, and gave some $500 per month of those proceeds to the wife. At the end of the three years, the friend sold the house for $98,000. The husband filed a motion to declare that the wife was in contempt of the divorce judgment because she failed to maintain the mortgage payments until the house could be sold. The trial court granted the husband's motion, held the wife in contempt, and ordered her to pay the husband the difference between the fair market value of the house and the actual foreclosure price, minus his support arrearage. The wife appeals.
The wife raises several issues on appeal; however, we find that two are dispositive. First, the wife argues that because the husband was in contempt for the support arrearage, he is barred from bringing an action against her. Alternatively, the wife argues that the provision regarding the marital home in the divorce judgment was a final property settlement, and that she cannot be found in contempt for violating a final settlement proviso.
At the outset, we note that in reviewing the judgment of the trial court in a divorce case presented ore tenus, a presumption of correctness attaches to the trial court's holding. The trial court's judgment will not be reversed unless the result is unsupported by the evidence, and that result is a clear and palpable abuse of discretion. Kellam v.Kellam, 587 So.2d 355 (Ala.Civ.App. 1991).
The wife's first argument is that the husband is under a contempt decree and is therefore barred from instituting the present action. The ancient maxim "he who seeks equity must do equity," also known as the "clean hands" doctrine, is still viable in Alabama. Lowe v. Lowe, 466 So.2d 969
(Ala.Civ.App. 1985). The application of the clean hands doctrine is a matter left particularly to the sound discretion of the trial court. Lowe, supra. The trial court's order indicates that the trial court gave due consideration to the clean hands doctrine in formulating its decision. Further, there is ample evidence in the record to support the trial court's holding that the wife also suffered from unclean hands. Therefore, we will not disturb the trial court's ruling that the husband's suit was not barred.
The wife next contends that the provision of the divorce judgment ordering the marital home to be sold and the proceeds to be divided is a property settlement, and that she cannot be held in contempt for violating a property settlement. This court, in Holman, supra, affirmed the trial court's decision that the disposition of the marital home was in the form of an unmodifiable property settlement. We find the wife's argument unpersuasive. Further, the record evidence is clear that the wife "failed to fully comply with the spirit and letter of the decree" and therefore, we find no error in the finding of contempt. Broadnax v. Broadnax,558 So.2d 929, 930 (Ala.Civ.App. 1990). Divorce decrees may be enforced by the contempt powers of the trial court. Patterson v.Patterson, 518 So.2d 739 (Ala.Civ.App. 1987); andMashatt v. Mashatt, 469 So.2d 607 (Ala.Civ.App. 1984).
Having found these issues dispositive, we pretermit any discussion of the remaining issues raised by the wife, and we therefore affirm the judgment of the trial court.
The wife's request for an award of attorney fees in this appeal is denied.
AFFIRMED.
ROBERTSON, P.J., and RUSSELL, J., concur. *Page 494