The parties were divorced in January 1991. Pursuant to the divorce judgment, the husband was awarded custody of the two minor children, and the wife was ordered to pay $302.66 per month as child support. Additionally, the husband was ordered to have the jointly-owned marital home appraised within *Page 1251 
30 days, to notify the wife within 60 days if he intended to purchase her half of the equity, and to purchase her equity within 120 days. If the husband chose not to purchase the wife's equity, the home was to be placed on the market for sale. Any equity from the sale was to be divided equally between the parties. The husband and the children continued to reside in the home.
In July 1991 the wife filed a petition for modification and for rule nisi. The wife alleged that the husband had failed to comply with the provisions of the divorce judgment regarding the disposition of the home. In March 1992 the trial court found the husband in contempt for that failure. The court ordered that the wife have the home appraised, at the husband's expense, and that the home be placed on the market for sale. Further, the court decreased the wife's child support obligation to $200.00 per month and ordered that she pay an additional $25.00 per month toward an accumulated child support arrearage of $733.20.
In August 1992 the wife filed another petition for modification and rule nisi. She requested that the home be sold at public auction and that she be relieved of her child support obligation until that time. The husband responded by filing a motion to dismiss. The husband claimed dismissal was justified because the wife was in contempt of court for failing to pay child support as ordered and because her petition failed to allege any change in circumstances or to state a claim for which relief could be granted. Thereafter, the wife filed an amendment to her petition, presenting additional allegations, requesting custody of the minor daughter, and requesting child support.
In October 1992 the husband filed a counterclaim motion for rule nisi. He alleged that the wife was $1,834.20 in arrears on her child support obligation and requested that she be found in contempt.
In November 1992 the husband filed a motion to dismiss the wife's amended petition for modification and rule nisi. He claimed that dismissal was justified in this instance because the wife failed to allege any grounds to support her contempt claim, had "unclean hands" for her willful failure to pay child support as ordered, and had failed to state a claim for which relief could be granted. The court denied the motions to dismiss after hearing argument on the motions prior to the final hearing.
After the final hearing in April 1993, the court entered, in pertinent part, the following order:
 "(1) The Court finds that there are sufficient facts before it to determine that a substantial and material change in circumstances as to the care, custody and control of the minor child of the parties . . ., age 13 years, has taken place since the last order of this Court concerning her custody. Based on the facts placed before the court this date, based on the best interest of the child, and based on the substantial and material change in circumstances that the Court finds to have taken place, the primary care, custody and control of the minor child . . . be and is hereby granted to the [wife] with reasonable visitation privileges vested in the [husband]."
The court found the wife to be $3,234.20 in arrears in her child support obligation. The court also determined from the husband's testimony and demeanor that he "has not cooperated concerning the sale of the jointly-owned real property" and that "he does not intend to so cooperate in the future." Therefore, the court ordered that the property be sold at auction. From the proceeds of the sale, all mortgages, liens, and expenses of the sale were to be paid. The remaining equity was to be divided equally between the parties, with the wife's child support arrearage being paid to the husband from the equity due the wife. Since each party would have custody of one child of the marriage, no child support was ordered. However, when the 18-year-old son in the husband's custody reached majority, the husband was ordered to pay child support for the daughter pursuant to the guidelines. The husband's post-judgment motion was denied. He appeals.
The husband presents seven issues for our consideration.
The husband's first issue concerns whether the trial court erred in overruling his motion to dismiss the wife's petitions and in failing *Page 1252 
to consider his affirmative defense on the same grounds. The husband claims that because of the wife's willful failure to pay child support as ordered, she had "unclean hands" and that her petitions should have been dismissed.
Initially, we note that when evidence is presented ore tenus, the trial court is in the unique position to evaluate the oral testimony, its credibility, and its correctness. Etheridge v.Yeager, 465 So.2d 378 (Ala. 1985). Therefore, its judgment is presumed correct and is subject to being set aside only for plain and palpable abuse of that discretion. Beckwith v.Beckwith, 475 So.2d 575 (Ala.Civ.App. 1985).
In this case, prior to taking testimony on the wife's petition, the court received oral argument on the husband's motion to dismiss. The court determined that dismissing the wife's petition would serve no practical purpose. The court proceeded to hear argument on the wife's petition and the husband's counterclaim.
The "clean hands" doctrine, which is still viable in Alabama, provides, "one who seeks equity must do equity." Cone v. Cone,331 So.2d 656, 658 (Ala. 1976); see Lowe v. Lowe, 466 So.2d 969
(Ala.Civ.App. 1985). Whether the doctrine should apply is a matter peculiarly within the sound discretion of the trial court. Holman v. Holman, 612 So.2d 492 (Ala.Civ.App. 1992). From the record it appears that neither party came to the court with clean hands.
This court in Lowe concluded, after extensive research, that in domestic relations cases the determination of whether to apply the clean hands doctrine is made after trial. The doctrine was not found to apply pre-trial through a motion to dismiss or a motion for summary judgment. Lowe. We will not disturb the court's decision to deny the motions to dismiss. Likewise, we will not disturb the court's decision to hear and rule upon the wife's petition.
The husband's second issue concerns whether the trial court erred in failing to hold the wife in contempt.
The review by certiorari of contempt judgments no longer applies. The review is by appeal. Rule 33.6(b), A.R.Crim.P. The standard of our review is the presumption of the correctness of the judgment of the trial court when evidence was presented orally. Pierce v. Helka, 634 So.2d 1031 (Ala.Civ.App. 1994);Stack v. Stack, [Ms. AV92000412, February 11, 1994], 1994 WL 37531 (Ala.Civ.App. 1994).
The record reveals that both the husband and the wife failed to abide completely by the mandates of the divorce judgment and subsequent orders relating thereto. The wife argued below that because the home had not sold, she was not able to pay child support. It is for the court to decide whether breaches by one party should excuse performance by the other, or whether the court should exercise its contempt powers against either or both. Scott v. Scott, 401 So.2d 92 (Ala.Civ.App. 1981).
Based upon the record, it is clear that each of the parties has "failed to fully comply with the spirit and letter of the divorce decree." Broadnax v. Broadnax, 558 So.2d 929, 930
(Ala.Civ.App. 1989). A contempt finding relating to either one of them would have been warranted. However, we cannot say that the trial court abused its discretion in declining to hold the wife in contempt.
The husband's third issue concerns whether the trial court erred in overruling his objections to certain hearsay evidence and testimony.
The husband contends that the trial court erred in permitting two school counselors to testify regarding statements that the minor daughter made to them. The testimony objected to was very brief, and any information gleaned from it was fully encompassed by the testimony of the child. Even if the court erred in overruling the husband's objections, the minor child had already testified to the matter; thus, the testimony was merely cumulative, and the error was harmless. Rule 45, A.R.A.P.
The husband's fourth issue concerns whether the trial court erred in requiring the parties to leave the courtroom during the testimony of the minor child. *Page 1253 
Trial judges are permitted to conduct in-chambers interviews with minor children who are the subject of divorce custody proceedings, provided that the parties are first notified of such intentions and either expressly consent or fail to object after notice thereof. Anonymous v. Anonymous, 353 So.2d 515
(Ala. 1977).
In this case, after the minor daughter began to testify, the trial court asked if she would be more comfortable testifying out of the presence of her parents. She responded affirmatively. The parents were asked to leave the courtroom. Counsel for the parties remained in the courtroom, and the child resumed testifying without objection from either party. We find no error in the procedure and applaud the trial court for not subjecting the child to an uncomfortable and unnecessary situation.
The husband's fifth issue concerns whether the trial court applied the proper standard to determine that a change in custody was warranted.
When there is a prior custody decree, the parent seeking the change in custody has a very stringent burden of proof. Merely showing that a material change in circumstances has occurred since the last decree is not sufficient. While the best interests of the child are paramount, the petitioner must show that a change in custody will materially promote the child's best interests and that the benefits of the requested change will more than offset the inherently disruptive effect caused by uprooting the child. Ex parte McLendon, 455 So.2d 863 (Ala. 1984); Whitfield v. Whitfield, 570 So.2d 700 (Ala.Civ.App. 1990). The party seeking modification must prove that the "material changes affecting the child's welfare since the most recent decree demonstrate that custody should be disturbed to promote the child's best interests." Wood v. Wood,333 So.2d 826, 828 (Ala.Civ.App. 1976).
While the trial court is afforded great discretion in determining matters of child custody, its judgment is subject to reversal if shown to be plainly and palpably wrong.Benton v. Benton, 520 So.2d 534 (Ala.Civ.App. 1988). In this case it appears from the court's order that only the initial burden in McLendon was applied. A substantial and material change in circumstances was found; however, no determination was made regarding whether a change in custody would materially promote the child's welfare or whether the positive good brought about by the change of custody would more than offset the inherently disruptive effect caused by uprooting the child. A mere change in circumstances is not enough to support a change in custody from the custodial parent to the petitioning parent.
The failure of the trial court to apply the proper standard in this case is reversible error. Clayton v. Clayton,598 So.2d 929 (Ala.Civ.App. 1992). The court's judgment as to this issue is reversed and the cause remanded to allow the court to evaluate the evidence in accordance with McLendon.
The husband's sixth issue concerns whether a modification of custody was supported by the evidence.
Based upon our determination of the previous issue, the court's judgment as to this issue is likewise reversed and the cause remanded for further evaluation by the trial court.
The husband's final issue concerns whether the evidence was sufficient to support a finding that he was uncooperative and that the home should be sold at auction. The husband argues that the court was without jurisdiction to modify the property division by ordering a public auction of the parties' home.
Although we, unlike the trial judge, are not in the position to observe the witnesses and assess their credibility, it is apparent from the record that the husband opposed the court's original ruling dividing the equity in the home between the parties. Because of the husband's resistance to the court's previous orders, drastic measures were requested by the wife and enacted by the court. The determination of the court to compel the sale of the property by auction is understandable.
Changing the method of disposition of marital property merely modifies the means of disposing of the property, and not *Page 1254 
the division of the property. Posey v. Loomis, [Ms. AV92000182, July 30, 1993] ___ So.2d ___ (Ala.Civ.App. 1993). In this case, the court's revised instructions for disposing of the property were directory as a means of enforcing the judgment and thereby were subject to modification. Posey. A court rendering a judgment has the inherent power to enforce its judgment and to make such orders as may be necessary to render it effective. Patchett v. Patchett, 469 So.2d 642
(Ala.Civ.App. 1985).
Based upon the foregoing, the trial court's judgment is affirmed in part and reversed in part, and the cause remanded with instructions.
The foregoing opinion was prepared by Retired Appellate Judge L. CHARLES WRIGHT while serving on active duty status as a judge of this court under the provisions of § 12-18-10(e), Code 1975, and this opinion is hereby adopted as that of the court.
AFFIRMED IN PART; REVERSED IN PART; AND REMANDED WITH INSTRUCTIONS.
All the Judges concur.