The parties were divorced on March 23, 1988. The final judgment incorporated the agreement of the parties, giving custody of the two minor children to the mother. The father was to pay child support of "$500 per month per child." Additionally, he was to maintain medical insurance on the children and to pay "all reasonable and necessary medical, drug, orthodontic, optical, and dental bills not covered by insurance . . . as long as he is obligated to pay child support." The agreement further provided:
 "The minor [daughter] now attends [private school] and it is planned that the minor [son] shall attend [private school]. The [father] shall be responsible for the payment of tuition, books, and other educational charges to provide the [daughter] with a private school education. . . . The [father] shall be responsible for the payment of one-half of the tuition, books, and other educational charges to provide the [son] with a private school education. . . . Further, the [father] shall pay the remaining private school education expenses of the [son] if he is financially able to do so."
On October 1, 1992, the mother filed a motion to enforce certain provisions of the agreement, alleging that the father had failed to pay medical and educational expenses pursuant to the agreement. On October 5, 1992, the father filed a petition seeking to modify the judgment of divorce, requesting that the child support and maintenance payments be decreased and that the provision requiring him to pay private school tuition be eliminated.
Following a hearing, the trial court entered an order on April 15, 1993, finding:
 "1. That the [mother] has incurred medical expenses for the minor children . . . in the amount of $4,814.21 which the [father] is required to pay under the settlement agreement and which are due to be paid by the [father] to the [mother].
 "2. That the [father] is required to pay the total educational expense of the daughter . . . and has failed to do so and is due to pay [the mother] for that expense to date of $5,781.75.
 "3. That the [father] is required to pay at least one-half of the educational expense of the son . . . and has failed to do so and is due to pay [the mother] for that expense to date of $2,641.00.
 "4. That the [father] is required to pay the additional one-half of the educational expense of the son . . . as he is financially able to do so and is due to pay [the mother] for that expense to date of $2,641.00.
 "5. That the [father's] circumstances have not materially changed since the execution of the Settlement Agreement and no modification of the Settlement Agreement is due on the [father's] petition to modify. (It is further noted that filing a petition to modify while not in compliance with an applicable court order seems to violate the equitable principle of 'Clean Hands Doctrine'.)"
Further, the court found that the mother should be awarded an attorney's fee of $7,000. The father appeals, raising numerous issues.
The father first contends that the trial court abused its discretion by "modifying the divorce decree after making a specific finding of no material change in circumstances." This argument, however, is based on the false premise that the trial court modified the amount of child support. The original judgment of divorce incorporated a settlement agreement wherein the father agreed to pay all the expenses of his son's private school education, if he was financially able to do so. The trial court found that the father was financially able to meet this requirement of the agreement. It merely enforced a provision of the settlement agreement of the parties; there was no modification of the child support provision. *Page 754 
Next, the father argues that the trial court erred in failing to find a material change in circumstances. The father contends that the trial court abused its discretion in not applying the child support guidelines, Rule 32, Ala.R.Jud.Admin., thereby denying his petition for a reduction of his child support obligation.
The evidence showed that the mother's 1992 earned income was $38,000, which was comprised of her salary of $26,000 and a $12,000 bonus that she received. The father's W-2 form revealed an income of $27,300 in 1992; his estimated income for 1993 was $33,800. We note that, at the time of the trial, his earnings had increased since the time of the divorce. Further, the father's business had shown an increase in gross sales since the divorce. He enjoyed fringe benefits from the business, including travel, country club membership, and a credit card account. Additionally, the business paid the medical insurance premiums of the father and his children.
Rule 32(A)(2)(i), Ala.R.Jud.Admin., provides: "The provisions of any judgment respecting child support shall be modified . . . only upon a showing of a material change of circumstances that is substantial and continuing." Child support may be modified only upon a showing of a material change of circumstances, and the party seeking modification carries the burden of proof. Kellum v. Jones, 591 So.2d 891 (Ala.Civ.App. 1991). Modification of child support is within the sound discretion of the trial court and will not be disturbed on appeal absent a plain and palpable abuse of that discretion.Id. We are not allowed to substitute our judgment for that of the trial court. Ebert v. Ebert, 469 So.2d 615 (Ala.Civ.App. 1985). The trial court found that the father had not shown a material change in circumstances. After a review of the record, we cannot say that the trial court erred.
The father further contends that the trial court improperly invoked the "clean hands" doctrine. The equitable principle of "clean hands" is still viable in courts today, and its application is within the sound discretion of the trial court.Adams v. Adams, 368 So.2d 552 (Ala.Civ.App. 1979). This court in Adams stated, "We find the denial of the petition for modification to be without error whether considered in light of the evidence as to the petitioner's financial condition or whether considered in light of the principle of 'clean hands.' " Id. at 553.
Here, the trial court specifically found after considering the evidence that no material change of circumstances had occurred. The "clean hands" reference was made simply as a parenthetical comment. We find no error.
Finally, it is the father's contention that, without a finding of contempt, it was reversible error to order him to pay the mother's attorney fee.
In enforcement proceedings, an attorney fee may not be assessed unless the defaulting party is found to be in contempt. Johnson v. Johnson, 469 So.2d 116 (Ala.Civ.App. 1985). However, if modification proceedings are also held, the award of an attorney fee is within the sound discretion of the trial court. Ebert, 469 So.2d 615.
Further, the settlement agreement signed by the parties contained the following clause: "Either party who violates this agreement, shall upon a judicial finding of such violation, be responsible for payment of all costs, expenses, and attorneys' fees made necessary by such violation." The trial court found: "The [mother] should be awarded an attorney's fee for the services of her and her children's attorney necessary to enforce the agreement in the amount of $7,000." The father's attorney stipulated that the amount requested by the mother's attorney was a reasonable amount. A settlement agreement is in the nature of a contract, and in the absence of fraud, collusion, or accident, it is binding. Smith v. Smith,568 So.2d 838 (Ala.Civ.App. 1990). We conclude that the award of an attorney fee was not in error.
The father's request for attorney fees on appeal is denied.
AFFIRMED.
ROBERTSON, P.J., concurs in the result only. *Page 755