RICHARD L. HOLMES, Retired Appellate Judge.
This is a child custody case.
S.F. (mother) and B.L.T. (father) are the parents of K.L.F. (child), who was born in December 1990. Apparently, the parents were not married to one another when the minor child was born and, in fact, have never been married to one another. However, neither party disputes that the father is the natural father of the child.
In June 1994 the father filed a petition for instanter custody of the minor child after the mother and her boyfriend were arrested for possession of marijuana. The petition was granted. Thereafter, pending a hearing on the merits, custody of the minor child was returned to the mother, with extended visitation rights vested in the father.
After a hearing on the merits, the trial court issued an order, which provided, in pertinent part:
“Testimony was taken ore tenus and the court finds that the mother ... has continued to disregard the warning of this court regarding the care and supervision of said child. The court finds that there has been a material change in circumstances since the order of this court [dated] September 8, 1992. The court finds that the mother has been arrested for distribution of controlled substances and was allowed youthful offender treatment; the mother has cohabited with a man who has been violent unto the mother in the child’s presence; the mother has used illegal drugs; the child has been reported on several occasions to be neglected and unclean; and the home of the mother has not been maintained in a clean and acceptable condition.
“The court does therefore find that a change in custody is due and the court does ORDER that custody of [the child] is hereby awarded unto the father [with visitation rights granted to the mother]....
“... The court does require that the mother not allow said child to be in the presence of [the mother’s boyfriend] until such time as [the mother’s boyfriend] has given proof unto this court of his being drug-free and ... has obtained psychological counseling regarding anger control so sufficient that he is not a danger to the mother or child and not until this court receives such proof and issues a written order regarding the allowance of visitation of said child without condition.”
The mother filed a post-judgment motion, which was denied. The mother appeals.
The mother contends that the trial court’s judgment of October 14, 1994, is so unsupported by the evidence as to be plainly and palpably wrong and that the trial court committed reversible error when it failed to evaluate the evidence in accordance with Ex parte McLendon, 455 So.2d 863 (Ala.1984).
Our review of the record reveals the following: The mother admitted that she has sold drugs, and one of the mother’s friends testified that she has seen the mother use drugs. In May 1994 the mother and her boyfriend were arrested for possession of marijuana when the police raided the mother’s home. The child, who was present in the home during this raid, was asleep. The mother and her boyfriend were granted youthful offender status and pleaded guilty to possession of marijuana.
The mother and her boyfriend were living together in January 1994, when the boyfriend assaulted the mother, causing her to suffer a broken leg. The mother and the boyfriend admitted that the child was present during this altercation, and there was testimony that the mother was holding the child when the boyfriend assaulted the mother. On another occasion the boyfriend broke the windshield of the mother’s car during an argument. *132 The child was in the mother’s car when this incident occurred. The mother’s Mend testified to another incident when the boyMend ripped the telephone out of the wall and knocked over a lamp during an argument with the mother. The child was also present during this incident.
The mother admitted that at a prior hearing, the trial judge told her that he did not want the boyMend living with her and the child. The mother testified that the boy-Mend no longer lives with her, but she admitted that he stays overnight with her once or twice a week. She also admitted that the boyMend has kept the child on occasion.
Ex parte McLendon, 455 So.2d 863, requires that the party seeking modification of custody demonstrate that a material change in circumstances has occurred since the most recent order of the trial court and that the change of custody will materially promote the child’s welfare and will more than offset the disruptive effect of the change in custody.
In light of the above, there was evidence to support the trial court’s judgment of October 14,1994.
Additionally, we would note that the trial court set out detailed and specific findings of fact, which demonstrated that the trial court was aware that positive good would result from the change of custody and that such positive good would offset the disruptive effect which might be caused by the change in custody.
Hence, we find that the McLendon standard was applied in this case and was applied correctly.
Furthermore, we find that King v. King, 636 So.2d 1249 (Ala.Civ.App.1994), and Clayton v. Clayton, 598 So.2d 929 (Ala.Civ.App.1992), are clearly distinguishable from the instant appeal, i.e., the detailed and specific findings made by the trial court implicitly reveal that a change in custody in the present case would materially promote the child’s welfare and that the positive good would more than offset any disruptive effect that the change in custody might cause.
The judgment is due to be affirmed.
The foregoing opinion was prepared by Retired Appellate Judge RICHARD L. HOLMES while serving on active duty status as a judge of this court under the provisions of § 12-18-10(e), Ala.Code 1975.
AFFIRMED.
All the judges concur.