This is a child custody modification case.
The parties were divorced in January 1984. The mother was awarded custody of the minor child, Terrell Gustavus Batton, now twelve years old. In August 1985 the father petitioned to modify the divorce decree. Upon request, temporary custody was awarded to him. Following a hearing on the merits of the controversy, the trial court awarded permanent custody to the father. The mother appeals. We affirm.
When a trial court hears the testimony in a child custody modification case, as it did here, we presume that the trial court was correct, and reverse only for either an abuse of discretion or where the judgment is so unsupported by the evidence as to be plainly and palpably wrong. Flowers v.Flowers, 479 So.2d 1257 (Ala.Civ.App. 1985).
The trial court in transferring custody from the mother to the father was governed by Ex parte McClendon, 455 So.2d 863
(Ala. 1984). Under McClendon, when a noncustodial parent seeks to modify a decree granting custody to the other parent, the noncustodial parent bears the affirmative burden of proving that changing custody materially promotes the welfare and best interests of the child.
In this case the mother argues that the evidence presented does not support the findings of the trial court. We disagree. Reviewing the record with the attendant presumptions, we cannot say that the trial court's decision to change custody to the father was either an abuse of its discretion or was so unsupported by the evidence as to be plainly and palpably wrong.
The evidence reveals that after the divorce the mother and child moved to Huntsville, Alabama. The child testified that the mother's boyfriend moved in with the mother and child and shared the mother's bedroom for a considerable time prior to their marriage. The child said that he could hear noises coming from their bedroom. The child also testified that he had been present in a Pell City motel room when his mother had engaged in sexual activity with her boyfriend.
There was also evidence indicating that the child was having some psychological problems and that the father put the child in a treatment program in Birmingham.
Since the parties' divorce, the husband has remarried and resides in Pleasant Grove with his present wife and her eighteen-year-old daughter. Both the new wife and her daughter have indicated that they want the child to live with them. The minor child has also expressed a desire to live with his father and stepmother. He said that he was afraid to live with his mother. Although a child's wishes are not *Page 70 
determinative, they should be considered by the trial court in determining what is in the child's best interests. Smith v.Smith, 470 So.2d 1252 (Ala.Civ.App. 1985).
There was conflicting testimony as to which parent would be the better custodian for the child, and it was the duty of the trial court to resolve these conflicts and determine what disposition of his custody would best serve his interests. Based upon the record evidence, the trial court could reasonably have decided that, as required by McClendon, supra, the child's best interests would be materially promoted by transferring permanent custody from the mother to the father. Therefore, we affirm the trial court's judgment.
AFFIRMED.
WRIGHT, P.J., and HOLMES, J., concur.