The parents were divorced in January 1987. By agreement, custody of the minor child, now age five, was awarded to the mother. Liberal visitation privileges were granted to the father.
In June 1987, the father filed a motion to change custody from the mother to the father. As grounds for such a change, the father alleged that the mother was living with her present husband (stepfather) prior to having married him. After anore tenus hearing, the trial court entered the following order:
 "[I]t appears to the Court that conditions have changed since the Judgment of Divorce on January 15, 1987, regarding the minor child of the parties, namely, Billy Jeffrey Benton II, who has been in the custody of the Plaintiff [wife], that since February 1987, the Plaintiff [mother] has lived with a man to whom she was not married until three days before said hearing; that her new husband is seven years her junior; that she has been married three times; that the said child has not been in a suitable environment; and that said child's best interest requires that his custody be awarded to the Defendant [father]. . . ." (Emphasis added.)
The court further ordered any child support to be terminated. The mother appeals.
The mother contends on appeal that the trial court erred in transferring custody to the father. We agree.
It is a stringent standard which must be met in any child custody modification case. The parent seeking a change must show that the change of custody would "materially promote" the child's best interests and welfare. Ex parte McLendon,455 So.2d 863 (Ala. 1984).
As noted above, the father contends that the custody change is warranted because the mother was living with a man (now her husband). At trial the mother admitted the *Page 535 
above allegation, but the record reveals that this man is now her legal husband. Our courts have long held that evidence of "indiscreet" conduct may be considered as a factor in custody modification actions; however, custody will not be modified where the party seeking the change (here the father) fails to establish a substantial detrimental effect on the welfare of the child as a result of the "indiscreet" conduct. Smith v.Smith, 464 So.2d 97 (Ala.Civ.App. 1984).
The record reveals in pertinent part that the father admitted on cross-examination that he had not observed anything since the divorce which has had a detrimental impact on the child. He further stated that he did not know anything about the care, treatment, or maintenance that the child is receiving from the mother, and, as far as he knew, the child was being adequately taken care of.
A social worker also testified concerning the child. The record reveals that she visited the mother's home after receiving a call concerning the child. The social worker testified that the child appeared to be well loved and had a good relationship with both the mother and stepfather. She testified that, in her professional opinion, the home is a proper, fit environment for rearing the child and that the child was receiving full parental love, care, and maintenance, both emotional and physical. She further testified that it was her opinion as a professional in child welfare that the fact that the mother and stepfather were not married at that time was not "out of the ordinary" and had no adverse effect on the child.
Here, the father had the affirmative burden of showing that the mother's living arrangements had a detrimental effect on the child and that transferring custody from the mother to him would "materially promote" the welfare and best interests of the child. Batton v. Batton, 496 So.2d 68 (Ala.Civ.App. 1986); Smith, supra. This he did not do.
In view of the above, we find that the evidence presented here did not warrant a change in custody. We note that this court is very well aware that the trial court's findings after hearing the evidence ore tenus are presumed correct and that this court will not disturb these findings unless plainly and palpably wrong. Calabrisi v. Boone, 470 So.2d 1255
(Ala.Civ.App. 1985). However, in this case, the evidence introduced simply does not show that the interests and welfare of the child would be "materially promoted" by a transfer of custody.McLendon, supra. Therefore, we conclude that the trial court erred in transferring custody from the mother to the father, and we must reverse.
This case is due to be reversed and remanded with instructions to enter an order not inconsistent with this opinion.
REVERSED AND REMANDED.
BRADLEY, P.J., and HOLMES, J., concur.