INGRAM, Presiding Judge.
The parties were divorced in 1984, and custody of the minor child was awarded to the mother. In November 1988, the father petitioned the trial court for a change of custody. He also filed a “petition for ascertainment,” contending that he was entitled to a reimbursement of certain monies he erroneously paid to the mother. After an ore tenus proceeding, the trial court denied both the father’s “petition for ascertainment” and the petition to modify.
On appeal, the father contends that the trial court erred in not awarding him custody of the child.
At the outset, we would note that it is a stringent standard which must be met in any child custody modification case. Benton v. Benton, 520 So.2d 534 (Ala.Civ.App.1988). The parent seeking a change must show that the change of custody would “materially promote” the child’s best interests and welfare. Ex parte McLendon, 455 So.2d 863 (Ala.1984). Furthermore, the law is clear that, where a trial court hears the testimony in a child custody modifica *1094 tion case, as it did here, we presume that the trial court is correct. Batton v. Batton, 496 So.2d 68 (Ala.Civ.App.1986). We will reverse only for either an abuse of discretion or where the judgment is unsupported by the evidence so as to be plainly and palpably wrong. Batton, supra.
Reviewing the record with the attendant presumption, we find no such abuse of discretion. The record reveals, in pertinent part, that the mother is presently married and provides a nice home for the child. The child has his own bedroom and bath and lives only a short distance from the private school which he attends. The record also reveals that the mother, stepfather, and child routinely attend church and have numerous other shared activities. The child’s school performance has improved, and he is in excellent health.
We do note that there is some evidence of the mother's “indiscreet” behavior in the past. However, our courts have long held that evidence of “indiscreet” conduct is only a factor to be considered in child custody cases. Benton, supra. Custody will not be modified, based on the “indiscreet” conduct, where the party fails to establish a substantial detrimental effect on the welfare of the child as the result of such conduct. Benton, supra.
In view of the above, we cannot say that the trial court erred in denying the father’s request for custody. The father had a heavy burden to prove in order to change custody of his child. However, we would strongly caution the mother that these cases are never res judicata and that, if certain conduct occurs or reoccurs, custody may well be changed.
As concerns the husband’s argument that he should be reimbursed for monies paid to the wife, we find no merit. The trial court concluded that no such monies were due to the father, and we agree. Pursuant to the divorce decree, the father was ordered to pay the mother a certain amount of money each month so long as she was enrolled in school. At any time prior to making these payments, the father could have petitioned the trial court to modify or to extinguish such payments. This he did not do, and to allow him to be reimbursed now, some four years later, would amount to an “after the fact” modification. Wood v. Wood, 275 Ala. 305, 154 So.2d 661 (1963).
In any event, this case is due to be affirmed.
The mother’s request for attorney’s fees for representation on appeal is granted in the amount of $500.00.
AFFIRMED.
ROBERTSON and RUSSELL, JJ., concur.