This is a child custody modification case.
Frank Crane (father) and Lori Crane (mother) divorced in May 1984. The divorce decree included, inter alia, an agreement between the parties to share joint custody of their minor son, Austin, and that after age seven the child would reside primarily with the mother to facilitate educational needs. The parties agreed that neither parent would remove Austin from the state without the prior written consent of the other parent, which would not be unduly withheld.
Subsequent petitions filed by each party seeking custody resulted in some changes to the original decree. The first modification, entered in February 1987, left the joint custody order intact, ordered more specific visitation arrangements, and ordered that the other terms and conditions of the original decree continue to bind the parties.
The second modification, entered in August 1988, after the court had heard testimony regarding the mother's move from Anniston to Huntsville, determined that there had been a material change in circumstances which required "continued primary placement" with the father in Anniston. This order specifically left the joint custody in effect but awarded physical custody to the father, along with child support from the mother.
The father remarried in October 1988 and moved to Marietta, Georgia, in March 1989 to reside with his new wife and stepdaughter. Upon learning of the father's relocation, the mother filed a motion for a temporary restraining order to prohibit the father from removing the child from Alabama. She also filed a petition to modify, seeking full custody, and a petition to hold the father in contempt for failure to abide by the terms of the 1984 decree.
After an ore tenus proceeding, the trial court denied the mother's motion for a temporary restraining order and appointed a guardian ad litem for the child. After receiving additional ore tenus evidence in a later proceeding, the trial court entered a final order on October 17, 1989, changing custody to the mother and finding the father in contempt. The father filed a motion to stay the judgment pending appeal, which the trial court denied. On appeal to this court, the father filed an application for a stay, which this court granted. Presently, the child resides with the father in Marietta, Georgia.
On appeal, the father challenges only the change of custody to the mother. He contends *Page 617 
that the evidence showing the mother to be fit to have custody of the child, without more, is insufficient to change a previous decree granting primary physical custody of the child to the father. We agree.
Fundamental to this case is our limited review in child custody cases where the trial court is presented evidence ore tenus. The trial court has broad discretion in child custody determinations and modifications that will not be disturbed on appeal unless the judgment is so unsupported by the evidence as to be plainly or palpably wrong. Wesson v. Wesson,507 So.2d 536 (Ala.Civ.App. 1987).
When a noncustodial parent petitions for a custody modification, that parent bears the burden of proving the stringent standard set out by our supreme court in Ex parteMcLendon, 455 So.2d 863 (Ala. 1984). That standard applies, as here, when the parents share joint legal custody but there is a previous judicial determination placing primary physical custody with one parent. Jenkins v. Jenkins, 541 So.2d 19
(Ala.Civ.App. 1989). The petitioner must prove initially that a material change in circumstances has occurred since the last decree and that a change in custody would promote the child's welfare and best interests. Further, the benefits of the proposed change must clearly outweigh the inherently disruptive effect caused by uprooting the child. Jenkins, supra, andMcLendon, supra.
Here, the record reveals a great deal of animosity between the parents which has resulted in numerous court proceedings concerning the custody of this child. We pretermit detailing everything that has transpired. However, in the present dispute, the mother complains that allowing the father to move the child out of state increases travel time and expenses in exercising her visitation rights. It is well established that disputes regarding visitation should be resolved by the child's parents and not by changing custody.Calabrisi v. Boone, 470 So.2d 1255 (Ala.Civ.App. 1985).
This case has a long history and provides an extensive record for judicial review which includes expert testimony from mental health professionals regarding both parents and the child. The trial court had before it evidence as to the fitness and suitability of each parent. It is apparent from the record that both parties love the child and are capable of providing a good home environment for him. However, the evidence simply does not show that the best interests and welfare of the child would be materially promoted by changing custody from one suitable parent to another. The evidence reveals that the child has lived in Anniston most of his life. He has lived with his father since August 1988 and must now be "uprooted" regardless of whether the move is to Marietta, Georgia, or to Huntsville, Alabama.
No evidence was presented to establish conditions requiring a change in custody; therefore, we find that the trial court erred in changing custody, and this case is due to be reversed.
REVERSED AND REMANDED.
INGRAM, P.J., and RUSSELL, J., concur.