This is a child custody case.
The parties were divorced in 1979 and the mother was awarded custody of the minor son. In 1987 the original divorce decree was modified to extend the father's visitation rights. Over the next four years the child's visitation with the father increased further, with the consent of the mother.
In July 1991 the father filed a petition for modification, seeking custody of the child. After an ore tenus proceeding, the trial court granted the motion. The mother filed a motion for new trial, which was denied, and she now appeals.
The dispositive issue before us is whether the trial court applied the proper standard of law to determine that a change in custody was warranted.
In its order, the trial court made this finding:
 "After hearing the testimony of the parties, the testimony of the minor child . . . and the testimony of other witnesses called, the undersigned finds that there has been a sufficient change in circumstances since the last Order of this Court to change the custody of said child from the Plaintiff to the Defendant and . . . finds that it is in the best interests of the minor child for custody to be with the Defendant, his father."
Generally, in all matters concerning child custody the best interests of the child is the paramount concern. Ex parteMcLendon, 455 So.2d 863 (Ala. 1984). However, it is not the standard to be applied where a noncustodial parent seeks to modify the custody provision of a divorce decree. Under this circumstance a parent seeking custody must show not only that he is a fit parent but also that awarding him custody would materially promote the child's welfare. McLendon. The positive good brought about by a change of custody must more than offset the inherently disruptive effect caused by uprooting the child.Whitfield v. Whitfield, 570 So.2d 700 (Ala.Civ.App. 1990). The "materially promotes" standard requires a more stringent burden of proof than the lesser "best interests of the child" standard. McLendon.
A trial court is given great discretion in determining matters of child custody, but its judgment is subject to reversal where it is shown to be plainly and palpably wrong.Benton v. Benton, 520 So.2d 534 (Ala.Civ.App. 1988). Here, it appears from its order that the court did not apply the stringent McLendon standard to the evidence, but merely found that there had been a change of circumstances. This conclusion is not sufficient to support a change *Page 931 
of custody from the custodial parent to the petitioning parent.
The trial court's failure to employ the proper standard is reversible error. Accordingly, its judgment is reversed and the cause remanded to allow the court to evaluate the evidence in accordance with McLendon.
The foregoing opinion was prepared by Retired Appellate Judge ROBERT P. BRADLEY while serving on active duty status as a judge of this court under the provisions of § 12-18-10(e), Code 1975, and this opinion is hereby adopted as that of the court.
REVERSED AND REMANDED WITH INSTRUCTIONS.
All the Judges concur.