THIGPEN, Judge.
This is an appeal of a judgment denying custody modification.
In 1990, shortly after giving birth to the child whose custody is in dispute, Karen Ken-nemore (Kennemore) died as the innocent victim of a gang-related shooting. Although Kennemore and Leonard Gurley, the father of the child (father), were never married, the record reveals that in August 1990, the child was legitimated pursuant to a decree of the Madison County Probate Court. At the time *2 of Kennemore’s death, she and the father were living together at the home of Wanda Kennemore, the child’s maternal grandmother (grandmother). The father testified that approximately one month following Kenne-more’s death, he moved out of the grandmother’s home and into his own mother’s home, located in another neighborhood. The child, however, remained in the physical custody of the grandmother.
Although the petition is not contained within the record on appeal, the father claims that he filed a petition requesting custody of the child in September 1990, that alleged that the grandmother had refused to surrender the child to him, and that she was interfering with his right to exercise the privileges and responsibilities of a parent.
In July 1991, pursuant to an alleged agreement between the father and the grandmother, the trial court awarded legal custody of the child to the grandmother, subject to visitation privileges of the father.
In September 1991, the father again petitioned for custody, alleging that the grandmother’s interpretation of the court-ordered visitation schedule was unreasonably restrictive, that she continued to live in an “unsafe neighborhood,” and that it was in the child’s best interests that custody be transferred to him.
Following ore tenus proceedings, the trial court found that, although the father had produced evidence which reflected that he was a loving and caring parent with the ability to care for the child, because he had previously relinquished custody of the child to the grandmother, the trial court was bound to follow the standards imposed by Ex parte McLendon, 455 So.2d 863 (Ala.1984). Based upon McLendon, the trial court reasoned that the father was required to prove not only that he was a fit parent, but that a change in custody would materially promote the child’s best interests and welfare. The trial court determined that the evidence in the case sub judice was not sufficient to warrant a change in custody. Hence, this appeal.
On appeal, the father questions (1) whether the trial court erred in refusing to admit into evidence certain newspaper articles; (2) whether the trial court erred in applying McLendon; and (3) if McLendon applies, whether the trial court abused its discretion by concluding that the father had failed to meet his burden.
During oral proceedings, the father attempted to introduce into evidence newspaper articles that he alleged would depict Karen Kennemore’s murder and descriptions concerning the unsafe condition of the grandmother’s neighborhood, which the trial court refused to admit. The record reveals that the father testified regarding his opinion of the condition of the grandmother’s neighborhood, and that the grandmother testified regarding her opinion. Upon examination of the entire cause, we determine that any potential error the trial court may have committed by refusing to admit the articles was harmless. The facts which the newspaper articles were offered to verify were established through other avenues. Rule 45, A.R.App.P.; McLemore v. Alabama Power Co., 289 Ala. 643, 270 So.2d 657 (1972).
Regarding the father’s remaining issues, we note that our review in custody matters is limited where the evidence is presented ore tenus. Hester v. Hester, 460 So.2d 1305 (Ala.Civ.App.1984). A trial court is afforded great discretion when determining matters of child custody, and its judgment is presumed correct and will not be disturbed on appeal absent an abuse of discretion, or where its judgment is shown to be plainly and palpably wrong. Benton v. Benton, 520 So.2d 534 (Ala.Civ.App.1988).
The father correctly notes that a natural parent has a prima facie right to the custody of his child. Ex parte Terry, 494 So.2d 628 (Ala.1986). This presumption, however, does not apply after a voluntary forfeiture of custody or a prior decree removing custody from a natural parent and awarding it to a non parent. McLendon, supra. As noted by this court in Poe v. Capps, 599 So.2d 623, 624 (Ala.Civ.App.1992), citing McLendon:
“When there is a prior custody decree, the parent seeking the change in custody must show that a material change in circum *3 stances has occurred since the last decree, that a change in custody will materially promote the child’s best interests, and that the benefits of the requested change will more than offset the inherently disruptive effect caused by uprooting the child.”
Thus, while the best interests standard is applicable to situations where custody has not yet been determined by the court, see Ex ‘parte Couch, 521 So.2d 987 (Ala.1988), the McLendon standard commands a more stringent burden of proof. Clayton v. Clayton, 598 So.2d 929 (Ala.Civ.App.1992). We must note that unlike Terry, which involved a prior decree awarding custody to the other parent, the instant case, like McLendon, involves a prior decree awarding custody to a nonpar-ent. When, pursuant to a prior decree, custody is awarded to a nonparent, a parent is not entitled to the presumption favoring the natural parent. Terry, supra.
After a meticulous examination of the record, we conclude that the trial court applied the appropriate standard of review based upon the factual history of this case.
Our careful review of the record reflects that both parties are equally capable of taking care of the child, and that each would provide a nurturing and loving home. From the evidence presented, it is apparent that the father and his extended family are industrious and are willing to assist in the care and nurture of the child. The father’s evidence, however, reflects merely that he now has the ability to provide for the child in a manner similar to that provided by the grandmother during the past three years.
While there is some evidence indicating that the grandmother’s neighborhood may be more dangerous than that of the father, the father does not dispute that the grandmother is a fit and proper person to have custody of the child, nor that she has provided the child with a loving and caring home. Moreover, there is no evidence that the conditions of the neighborhood have changed since the initial decree, wherein the father relinquished custody to the grandmother.
From our review of the record, it is apparent that the conflict between the father and the grandmother revolves around the father’s visitation and work schedules. We trust that these obstacles are not insurmountable, and that the parties will strive to cooperate for the best interests of the child. Regardless, the trial court retains jurisdiction over the matter of visitation and may make adjustments as the circumstances may warrant. The parties are reminded that matters of child custody and visitation are never res judicata. Rather, the trial court retains jurisdiction of these matters for subsequent modification should circumstances warrant. McKinney v. Alabama Department of Pensions & Security, 475 So.2d 568 (Ala.Civ.App.1985).
For the foregoing reasons, the judgment of the trial court is due to be, and it is hereby, affirmed.
AFFIRMED.
YATES, J., concurs.
ROBERTSON, P.J., dissents.