THIGPEN, Judge,
dissenting.
I do not agree that this case should be affirmed; therefore, I must respectfully dissent. It appears to me that the dispositive issue concerns the standard of review utilized by the trial court in the custody determination. The trial court failed to apply the proper standard espoused by our Supreme Court in Ex parte McLendon, 455 So.2d 863 (Ala.1984). The trial court’s order recited the “best interests” standard, which is an inappropriate standard for the facts of this case. Neither the order, nor the record, suggest that the correct standard was utilized. That failure constitutes reversible error. Clayton v. Clayton, 598 So.2d 929 (Ala. Civ.App.1992). It is my opinion that, consistent with prior opinions, this case must be reversed and the cause remanded for the trial court to reconsider the evidence utilizing the appropriate standard. Poe v. Capps, 599 So.2d 623 (Ala.Civ.App.1992); Clayton, supra. See also Judge Thigpen’s concurring in part and dissenting in part opinion in Perkins v. Perkins, [Ms. AV92000120, December 17,1993] 1993 WL 521201 (Ala. Civ.App.1993) (listing some recent cases wherein the trial court was instructed to reconsider utilizing the appropriate standard). The father is required to meet the burden imposed by the Supreme Court in McLendon, supra. Whitfield v. Whitfield, 570 So.2d 700 (Ala.Civ.App. 1990).
The majority opinion factually states that the mother “voluntarily relinquished” custody. Neither party contends that the mother relinquished custody, nor does the record support such a conclusion. Even if there had been allegations or proof offered that the mother had relinquished legal custody, the father, as petitioner, had the McLendon burden. After thoroughly reviewing the record, *1385 I cannot find that the father met this stringent burden, and I cannot agree that the trial court reached the correct result based on the evidence it considered.
At most, the record indicates that the mother allowed the father to retain physical custody of the children following a period of visitation with him. That appears to be a temporary arrangement, because the mother wanted to attend school and was suffering serious financial problems — due in part to the father’s admitted failure to pay her the court-ordered child support. The appellate courts have encouraged parents to work out informal custodial arrangements during necessitous times, and have, in fact, consistently refused to punish parents who act inconsistently with custody orders when such action is in the child’s best interests. See Ex parte Couch, 521 So.2d 987 (Ala.1988); Ashbee v. Cozart, 611 So.2d 1103 (Ala.Civ.App. 1992); Garrison v. Garrison, 557 So.2d 1277 (Ala.Civ.App.1990); and Curl v. Curl, 526 So.2d 26 (Ala.Civ.App.1988). While this record discloses that neither parent is a model parent, there is simply insufficient evidence to change custody from one parent to the other utilizing the appropriate standard. See Whitfield, supra; Crane v. Crane, 563 So.2d 615 (Ala.Civ.App.1990).
Although not controlling in my decision to reverse, I note that the mother challenges a factual finding of the trial court that the father “is gainfully employed.” The undisputed testimony of the father is that he draws unemployment compensation benefits, he voluntarily helps in his mother’s business for no compensation, and he is actively seeking gainful employment. Our Supreme Court held that when “facts are undisputed, the ore tenus rule has no application.” Ex parte Anonymous, 618 So.2d 722, 725 (Ala. 1993). Therefore, the majority’s reliance on the ore tenus rule on that issue seems misplaced. It is my opinion that the trial court erred in expressly finding the father “is gainfully employed” when the only evidence presented regarding his employment status is contrary to that finding.
Because I would continue to follow the established legal precedent regarding custody wherein “the appellate courts of this state have, with substantial consistency, remanded custody cases for the trial court to reconsider, or to take additional evidence, utilizing the proper standard as enunciated by the appellate tribunal,” I would reverse. Perkins at *3. 'Therefore, I must respectfully dissent.