L. CHARLES WRIGHT, Retired Appellate Judge.
The parties were divorced in October 1991. The mother was awarded custody of the parties’ two minor daughters. In January 1993 the father filed a petition to modify custody, alleging that the children lacked supervision and medical attention, that the older child was making poor grades in school, that the mother was not signing the children’s school work, and that the mother did not spend quality time with the children. Following a hearing on the motion, the trial court entered an order, providing, in pertinent part, the following: “the best interests of the minor children ... would be best served by placing all care, custody and control of said minor children with the natural father ... and ... such change in custody is in the material benefit of such minor children.”
The mother appeals and asserts that the trial court erred in changing custody to the father.
When there is a prior custody decree, the parent seeking the change in custody has a very stringent burden of proof. Merely showing that a material change in circumstances has occurred since the last decree is not sufficient. While the best interests of *881 the child are paramount, the petitioner must show that a change in custody will materially promote the child’s best interests and that the benefits of the requested change will more than offset the inherently disruptive effect caused by uprooting the child. Ex parte McLendon, 455 So.2d 863 (Ala.1984); King v. King, 636 So.2d 1249 (Ala.Civ.App.1994).
The facts in this case are not easily discernible. There is no transcript of the hearing. Rather, the mother filed a Rule 10, Ala. R.App.P., reconstruction of the testimony. The father objected to parts of the mother’s reconstruction and submitted a partial recollection of the pertinent testimony. Appended to the father’s reconstruction of each witness’s testimony was the following footnote: “Without recounting all of this witness’s testimony, [the father] will simply supplement the trial testimony offered by [the mother] and make necessary corrections. Otherwise, [the father] will consent to the reconstruction proffered by the [mother].” The parties submitted their Rule 10, Ala.R.App.P., petitions to the trial court. The trial court found that “[t]he Reconstruction of Trial Testimony as filed by the [father] more accurately represents the testimony as the Court remembers it.” As noted before, the father’s reconstruction is only a partial reconstruction.
While the trial court is afforded great discretion in determining matters of child custody, its judgment is subject to reversal if shown to be plainly and palpably wrong. King. We have reviewed the confusing record before us and cannot say that the evidence presented clearly supported a change in custody under the McLendon standard. Furthermore, it appears from the trial court’s order that only the initial burden in McLendon was applied. There was no finding by the trial court that the benefits of the requested change would more than offset the inherently disruptive effect caused by uprooting the children. Likewise, there was no evidence presented to support such a finding. We are unable to ascertain from the court’s order if the proper standard was even employed by the court in reaching its decision.
Due to the confusing record before us, and our inability to ascertain if the proper standard was employed, we reverse the judgment of the trial court and remand the cause to allow the court to evaluate the evidence in accordance with McLendon.
This case exemplifies the difficulty an appellate court encounters when disputed oral testimony is presented for review by a Rule 10, Ala.R.App.P., reconstruction of the evidence. It is particularly difficult in cases of modification of child custody. Rule 10(d), Ala.R.App.P., does not anticipate that cases will be intentionally tried without the presence of a court reporter, but it is a measure to allow a review if there was no reporter available or if an appeal was not anticipated at trial.
The foregoing opinion was prepared by Retired Appellate Judge L. Charles Wright while serving on active duty status as a judge of this court under the provisions of § 12-18-10(e), Code 1975.
REVERSED AND REMANDED.
ROBERTSON, P.J., and YATES and MONROE, JJ., concur.
THIGPEN and CRAWLEY, JJ., dissent.