L. CHARLES WRIGHT, Retired Appellate Judge.
The parties were divorced in 1985. The mother was awarded custody of the parties’ two minor daughters. In February 1993 the parties agreed that the children would live in Mobile with their father and finish the school year there. They would return to Jackson, Mississippi, the mother’s home, at the end of the school year. The children returned to Jackson and spent the 1993 summer with their mother. The parties again agreed that the children would spend the 1993-94 school year in Mobile and return to Jackson the following summer.
In March 1994 the father filed a Motion for Instanter Order of Status Quo Custody. The motion was granted, pending a hearing. The mother filed a motion to dissolve, which was denied. A hearing was held on the merits in October 1994. The trial court entered an order, awarding custody of the two minor children to the father.
The mother appeals and asserts that the trial court erred in changing custody to the father.
When there is a prior custody decree, the parent seeking the change in custody has a very stringent burden of proof. Merely showing that a material change in circumstances has occurred since the last decree is not sufficient. While the best interests of the child are paramount, the petitioner must show that a change in custody will materially promote the child’s best interests and that the benefits of the requested change will more than offset the inherently disruptive effect caused by uprooting the child. Ex parte McLendon, 455 So.2d 863 (Ala.1984). The fact that the parties agreed to let the children live with the father for the school year does not affect the standard to be applied here. “[Vloluntary agreements between divorced parents concerning child custody, without the blessing of a court order, are a legal nullity.” Ashbee v. Cozart, 611 So.2d 1103 (Ala.Civ.App.1992).
When the trial court is presented evidence ore tenus, its determination is presumed to be correct, and its judgment will not be disturbed on appeal unless it is shown to be plainly and palpably wrong. Butts v. Startley, 600 So.2d 310 (Ala.Civ.App.1992).
In awarding custody to the father, the trial court entered the following order: “The [father] is awarded the custody of the two minor children born of the marriage.” From the court’s order we are unable to ascertain what standard, if any, was applied by the court. We have reviewed the record and cannot say that the evidence presented clearly supported a change in custody under the McLendon standard. Because we cannot ascertain if the proper standard was employed by the court in reaching its decision, the judgment of the court is reversed and the cause is remanded to allow the court to evaluate the evidence in accordance with McLendon. Wallis v. Wallis, 656 So.2d 880 (Ala.Civ.App.1995); Dodd v. Dodd, 655 So.2d 1000 (Ala.Civ.App.1994); Clayton v. Clayton, 598 So.2d 929 (Ala.Civ.App.1992).
The father’s request for attorney fees on appeal is denied.
The foregoing opinion was prepared by Retired Appellate Judge L. CHARLES WRIGHT while serving on active duty status as a judge of this court under the provisions of § 12-18-10(e), Code 1975.
REVERSED AND REMANDED WITH INSTRUCTIONS.
*1354 ROBERTSON, P.J., and THIGPEN, YATES, and MONROE, JJ., concur.
CRAWLEY, J., concurs in the result.