This is a child custody modification case.
Brenda Webb Pullum, the mother, and Larry Webb, the father, were divorced on October 5, 1982; Brenda Pullum was granted custody of their two children, Peggy Jo and Reagan. A few years thereafter, Larry Webb ceased contact with his children and made no child support payments for approximately six years. In November 1993, Larry Webb filed a petition for modification of custody, seeking custody of the children. After a hearing on December 21, 1993, the trial court denied the petition for custody modification, but granted Brenda Pullum's petition to increase child support and ordered Larry Webb to make additional monthly payments toward his child support arrearage. During the summer of 1994, the children went to Larry Webb's home for a two-week visitation, then refused to return to Brenda Pullum's home. Brenda Pullum filed a petition to have Larry Webb found in contempt for failure to return the children on August 19, 1994. On August 31, the trial court ordered that the children be returned to their mother. On September 19, the trial court held a hearing, after which the court found Larry Webb in contempt of the December 22, 1993, child support order, in contempt of the original divorce judgment's visitation provisions, and in contempt of its August 31, 1994, temporary order for the return of the children. On this date the children returned to their mother's custody. On October 27, 1994, Larry Webb filed another petition for modification of custody, and was granted temporary custody of the children, based on allegations that the children were being physically and mentally abused by their mother and stepfather. *Page 927 
After an ore tenus hearing in which Larry Webb and his daughter, Peggy Jo, testified that the children did not get along with their mother anymore, and that both children preferred to live with their father, the trial court ordered custody changed to Larry Webb. The mother appeals.
The mother argues that the trial court's custody modification was erroneous because, she says, it failed to apply the appropriate legal standard when making its decision. We agree.
When there is a prior custody order, the party seeking to change custody has a heavy burden of proof. While the best interests of the child are paramount in custody matters, the "best interest" standard is not the standard to be applied when a noncustodial parent seeks to modify a prior custody provision. The parent seeking the change of custody must show that the change will materially promote the child's best interests and welfare, and that the benefits of the change will more than offset the inherently disruptive effect that a custody change has on a child. Ex parte McLendon,455 So.2d 863, 866 (Ala. 1984); Wallis v. Wallis, 656 So.2d 880
(Ala.Civ.App. 1995); King v. King, 636 So.2d 1249, 1253
(Ala.Civ.App. 1994).
In the present case, the trial court's order modifying custody stated, in pertinent part, that "the standard required and which should be applied is the best interest of the children. The [trial] court does not find that it would be in the best interest of the two children, ages 17 and 14 to be forced to live with their mother with the relationship being so strained." Thus, it appears that the trial court erroneously applied the "best interest" standard. Additionally, a mere change in circumstances such as the erosion of the relationship between the mother and the children is insufficient to support a change in custody. King, supra at 1253; Clayton v. Clayton,598 So.2d 929 (Ala.Civ.App. 1992). The failure of the trial court to apply the appropriate standard is reversible error.Clayton, supra, at 931.
The mother also argues that the father failed to meet his burden of proof and that the trial court placed undue weight on Peggy Jo's testimony that she and her brother wished to live with their father. The trial court's order stated that it found "that the relationship between . . . Brenda Pullum and the minor children . . . is so broken that the children refuse to live with their Mother and desire to live with their Father." This seems to be the only evidence upon which the trial court based its decision to change custody, without concern for other factors that would weigh into whether a change would, in fact, materially promote the children's best interest. Therefore, we note that, while the child's preference is an important factor to be considered when custody modification is sought, the wishes of the child are not controlling. McKeever v. McKeever,528 So.2d 856, 858 (Ala.Civ.App. 1988). The child's preference is only one factor to be considered by the trial court. Hayes v. Hayes, 512 So.2d 119 (Ala.Civ.App. 1987). On remand, the trial court should consider all relevant evidence to determine whether the father has met his burden by showing that the change of custody would materially promote the children's best interest and that the benefits of the change would outweigh the disruptive effect of a change of custody.
The mother further contends that the trial court erred by failing to provide for visitation in its custody modification order, and that it improperly computed the percentage of the child support obligation that would be attributed to her. Therefore, if the trial court finds on remand that, applying the McLendon standard, custody should be placed with the father, we instruct the court to provide for reasonable visitation in the court's order. Furthermore, the trial court should require submission of income affidavits and should recompute the child support obligation to be attributed to the parties, to ensure that the support order complies with the Child Support Guidelines. Rule 32, Ala.R.Jud.Admin.
Each party's request for an attorney fee is denied.
The judgment of the trial court is reversed and the cause is remanded for reconsideration and the entry of a judgment according to the McLendon standard. *Page 928 
REVERSED AND REMANDED WITH INSTRUCTIONS.
ROBERTSON, P.J., and THIGPEN, YATES, and CRAWLEY, JJ., concur.