MONROE, Judge.
This is a child custody modification case.
The parties were divorced on March 25, 1994, and custody of their two-year-old daughter was awarded to the mother. On March 3,1995, the father petitioned for modification of custody, alleging abuse and neglect by the mother, refusal to allow visitation, and failure to consult him regarding decisions concerning the child.'
The trial court held an ore tenus hearing on the petition. The father alleged that the mother had neglected the child by failing to have dental treatments, which the father claimed were necessary, performed on the child. While exercising his summer visitation in 1994, the father took the child to a dentist, who performed extensive dental work on the child. After summer visitation, the mother continued to take the child to the dentist for further dental treatments. The father testified that the child could eat better and without pain after receiving dental treatment. The mother, however, testified that some of the dental work caused the child continuing pain.
The mother testified regarding an allegation of sexual abuse against the father that she had filed with the Department of Human Resources in October 1994. At that time, the mother refused to allow the father to see the child. She took the child for a medical examination, which did not produce any evidence of sexual abuse. The child was evaluated by a family guidance counselor, who testified that, on more than one occasion, the child spontaneously made a statement indicating a possible act of sexual abuse by the father. After four counseling sessions, the remaining sessions were cancelled due to the mother’s inability to bring the child to counseling because of a conflict with her work schedule. The counselor was unable to indi *730 cate whether she believed that the child had been molested. She stated that she had not made a complete assessment because of the inability to see the child on a consistent basis. No criminal charges of abuse have been instituted against the father.
The trial court entered an order on May 26,1995, granting custody to the father. The order stated:
“The Court concludes that there has been presented clear and convincing evidence that substantial changes in material circumstances have occurred since the time of the Decree of Divorce that require a modification of custody and other relief. The Court finds that while the father is not the best parent this Court has ever observed, he is more suitable to hold custody of [the child] than Mrs. Walters.”
Thereafter, the trial court granted the father’s motion to deliver custody of the child, and denied the mother’s motion to alter, amend, or vacate the judgment, and her alternative motion for a new trial.
The mother appeals from the trial court’s order, arguing that the trial court failed to apply the proper standard for determining whether a change in custody is warranted. We agree.
When there is a prior custody order, the party seeking to change custody has a heavy burden of proof. A finding that there has been a material change in circumstances since the entry of the initial custody order is not sufficient. The parent seeking the change of custody must show that the change will materially promote the child’s best interests and welfare and that the benefits of the change will more than offset the inherently disruptive effect that a custody change has on a child. Ex parte McLendon, 455 So.2d 863, 866 (Ala.1984); King v. King, 636 So.2d 1249, 1253 (Ala.Civ.App.1994); Wallis v. Wallis, 656 So.2d 880 (Ala.Civ.App.1995).
Although the trial court is entitled to great discretion in determining matters of child custody, its judgment is subject to reversal if it is plainly and palpably erroneous. Benton v. Benton, 520 So.2d 534, 535 (Ala.Civ.App.1988). In the present case, the trial court’s order indicates that only the initial burden under McLendon was applied. The trial court found that there had been a material change in circumstances, but did not make a finding that the change would promote the child’s welfare so significantly as to “more than offset the inherently disruptive effect caused by uprooting the child,” as required by McLendon, 455 So.2d at 865. Thus, the trial court must not only determine that the father is the more suitable parent, but that the benefit of changing custody to him will substantially outweigh the negative effects that result from a change of custody. It has long been recognized that “frequent disruptions are to be condemned.” Id. at 866, quoting, Wood v. Wood, 333 So.2d 826, 828 (Ala.Civ.App.1976).
The trial court committed reversible error in failing to correctly apply the McLendon standard in making its change of custody determination. Clayton v. Clayton, 598 So.2d 929 (Ala.Civ.App.1992). Therefore, the judgment is reversed and the cause is remanded, with instructions that the trial court evaluate the evidence in light of the McLen-don standard.
REVERSED AND REMANDED WITH INSTRUCTIONS.
ROBERTSON, P.J., and THIGPEN, YATES, and CRAWLEY, JJ., concur.