MOORE, Judge.
A.O. (“the mother”) appeals from a judgment entered by the Montgomery Juvenile Court (“the juvenile court”) modifying the custody of K.K. (“the child”). We affirm.

Procedural History

. On October 22, 2014, E.L.K. (“the father”) filed a petition to modify custody, *81 visitation, and child support. After a trial, the juvenile court entered a judgment on April 24, .2015, awarding the father sole physical custody of the child, and awarding the mother specific visitation. On April 27, 2015, the mother filed a postjudgment motion. On May 14,2015, the mother filed her notice of appeal.[1]

Discussion

On appeal, the mother argues that the juvenile court erred in modifying custody of the child. Specifically, she argues that the father failed to meet the standard set forth in Ex parte McLendon, 455 So.2d 863 (Ala.1984),[2] and that the juvenile court improperly based its custody modification on the mother’s cohabitation with her boyfriend.
“When a noncustodial parent petitions for a custody modification, that parent bears the burden of proving the stringent standard set out by our supreme court in Ex parte McLendon, 455 So.2d 863 (Ala.1984). That standard applies, as here, when the parents share joint legal custody but there is a previous judicial determination placing [sole] physical custody with one parent. Jenkins v. Jenkins, 541 So.2d 19 (Ala.Civ.App.1989). The petitioner must prove initially that a material change in circumstances has occurred since the .last decree and that a change in custody would promote the child’s welfare and best interests. Further, the benefits of the proposed change must clearly outweigh the inherently disruptive effect caused by uprooting the child. Jenkins, supra, and McLendon, supra.”
Crane v. Crane, 563 So.2d 615, 617 (Ala.Civ.App.1990). On appeal, this court reviews the custody determination solely to determine whether the juvenile court exceeded its discretion. See Ex parte Bryowsky, 676 So.2d 1322 (Ala.1996).
In the present case, the juvenile court received evidence indicating that the mother and her boyfriend had appeared to be under the influence of drugs in the presence of the child on several occasions, that the mother had neglected to give the child her prescribed medications to the detriment of the child’s health, and that the mother’s boyfriend had spanked the child to the point of causing bruises. We further note that the juvenile-court judge stated at the conclusion of the trial that, at the trial, the mother had appeared “fidgety and somewhat medicated” and had not appeared “under control of herself.” On the other hand, the mother admitted that the father is a great father. The evidence further indicated that the father ■ has a stable job, that he has a tidy home, and that he has given the child her prescribed medications.
Based on the foregoing and considering the statements of the juvenile-court judge at the conclusion of the trial, we conclude that the juvenile court did not base its decision to mddify custody solely on the mother’s cohabitation with her boyfriend. We further conclude that, based on the *82 aforementioned evidence, the juvenile court could have properly determined that the father had met the McLendon standard. See, e.g., T.J.H. v. S.N.F., 960 So.2d 669, 674-75 (Ala.Civ.App.2006) (citing custodial parent’s drug use and mistreatment of a child as reasons to modify custody and to award custody of child to noncustodial parent). Therefore, the juvenile court did not exceed its discretion in modifying custody of the child.
AFFIRMED.
THOMPSON, P.J., and PITTMAN, THOMAS, and DONALDSON, JJ., concur.

. The mother’s appeal was held in abeyance until her postjudgment motion was denied by operation of law pursuant to Rule 59.1, Ala, R. Civ. P. See Rule 4(a)(5), Ala. R.App. P.

. We note that the record is not clear whether the parties had previously been awarded joint physical custody of the child or whether the mother had been awarded sole physical custody of the child. Furthermore, the juvenile court does not state which custody-modification standard it used. However, we find no reason to remand the cause for clarification of this point. Because, as we conclude infra, the father met the more stringent custody-modification standard set forth in Ex -parte McLendon, he would necessarily meet the less stringent "best interests” standard as well. See, e.g., Rehfeld v. Roth, 885 So.2d 791, 795 (Ala.Civ.App.2004).