Rel: August 22, 2025

**Notice:** This opinion is subject to formal revision before publication in the advance sheets of **Southern Reporter**. Readers are requested to notify the **Reporter of Decisions**, Alabama Appellate Courts, 300 Dexter Avenue, Montgomery, Alabama 36104-3741 ((334) 229-0650), of any typographical or other errors, in order that corrections may be made before the opinion is published in **Southern Reporter**.

# ALABAMA COURT OF CIVIL APPEALS

## SPECIAL TERM, 2025

_____

## CL-2025-0181

_____

## J.S.

### v.

## Greene County Department of Human Resources

### Appeal from Greene Juvenile Court
### (JU-24-24.01 and JU-24-24.02)

MOORE, Presiding Judge.

J.S. ("the custodian") appeals from identical judgments entered by the Greene Juvenile Court ("the juvenile court") adjudicating D.J.K. ("the child") to be a dependent child and awarding her custody to T.K.-H. ("the maternal great-aunt"). We dismiss the appeal.

Background

The child was born on April 4, 2024, out of a relationship between E.K. ("the mother") and D.S. ("the putative father"). When the child was six weeks old, she was placed with the custodian, who is the child's distant cousin. On October 15, 2024, the Greene County Department of Human Resources ("DHR") filed a dependency petition relating to the child, which was assigned case number JU-24-24.01 ("the dependency action"). On November 4, 2024, the juvenile court entered a shelter-care order that, among other things, awarded DHR protective custody of the child with the right to place the child. DHR continued to place the child with the custodian. The juvenile court ordered that the custodian supervise any visitation between the child and the mother. On November 14, 2024, the maternal great-aunt filed a custody petition relating to the child, which purportedly commenced a separate juvenile-court action that was assigned case number JU-24-24.02 ("the custody action").

On February 11, 2025, the juvenile court conducted a consolidated hearing to consider the dependency petition and the custody petition. Based on the juvenile court's oral pronouncement at the end of the hearing that it intended to award custody of the child to the maternal

great-aunt, on February 18, 2025, the custodian filed a letter in the custody action notifying the juvenile court that she was appealing the decision. On February 21, 2025, the juvenile court entered a final judgment in both the dependency action and the custody action, finding the child dependent and awarding custody of the child to the maternal great-aunt. The custodian's notice of appeal filed in the custody action became effective upon the entry of the final judgment in that action. See Rule 4(a)(4), Ala. R. App. P. ("A notice of appeal filed after the announcement of a decision or order but before the entry of the judgment or order shall be treated as filed after the entry and on the day thereof.").

On March 3, 2025, the custodian filed in the dependency action a postjudgment motion to vacate, alter, or amend the custody provisions of the final judgment entered in that action. On March 7, 2025, while the postjudgment motion was pending, the custodian filed a notice of appeal in the dependency action, which was held in abeyance pending a ruling on the postjudgment motion. See Rule 4(a)(5), Ala. R. App. P. The postjudgment motion was denied by operation of law on March 17, 2025, see Rule 1(B), Ala. R. Juv. P., at which point the notice of appeal became effective. See A.O. v. E.L.K., 199 So. 3d 80, 81 n.1 (Ala. Civ. App. 2015).

<u>Analysis</u>

<u>The Custody Action</u>

We first address the appeal insofar as it arises from the custody action. The maternal great-aunt commenced the custody action by filing a petition in which she alleged:

> "The [maternal great-aunt] is seeking custody of [the child]. [The child] is currently in the custody of [DHR] placed with a non-relative [the custodian]. [The maternal great-aunt] believes it is in the best interests of [the child] to be placed in her care. [The maternal great-aunt] is willing and able to take responsibility and provide a safe and stable home for [the child]."

Those allegations set out a request for custody of the child. Section 12-15-115(a), Ala. Code 1975, a part of the Alabama Juvenile Justice Act ("the AJJA"), Ala. Code 1975, § 12-15-101 et seq., governs the jurisdiction of the juvenile courts. Section 12-15-115 does not expressly give juvenile courts jurisdiction over custody petitions, except insofar as they relate to children whose parentage has previously been determined by a juvenile court. <u>See</u> Ala. Code 1975, § 12-15-115(a)(7). The parentage of the child had not been previously determined by the juvenile court, so the custody petition did not invoke the jurisdiction of the juvenile court.

At the time the maternal great-aunt filed her custody petition, the child was the subject of the ongoing dependency action. Section 12-15-114(a), Ala. Code 1975, gives juvenile courts exclusive original jurisdiction over actions in which a child is alleged to be dependent. If a juvenile court declares a child to be a dependent child, the juvenile court may adjudicate the custody of the child in the dependency proceeding. See Ala. Code 1975, § 12-15-311 and § 12-15-314. But the AJJA does not authorize a relative seeking the custody of a dependent child to commence a separate child-custody action for the purpose of adjudicating the custody of the dependent child. Rather, our caselaw has clarified that a person who is seeking custody of a dependent child but who is not already being considered a placement option for the child by the juvenile court should file a motion to intervene in the dependency proceeding regarding the child. See F.W. v. T.M., 140 So. 3d 950, 958 (Ala. Civ. App. 2013).

Juvenile courts are purely creatures of statute, and they only have such jurisdiction as is conferred by statute. See Ex parte K.L.P., 868 So. 2d 454 (Ala. Civ. App. 2003). The AJJA does not authorize a juvenile court to dispose of the custody of a dependent child in an action that is

5

collateral to the dependency proceeding regarding the child. Thus, we conclude that the custody petition did not validly commence a separate action, and we hold that the judgment entered in the custody action is a nullity that will not support an appeal. See generally L.B. v. R.L.B., 53 So. 3d 969, 972 (Ala. Civ. App. 2010). Therefore, we dismiss the appeal insofar as it arises from the custody action.

The Dependency Action

We must also dismiss the custodian's appeal from the final judgment entered in the dependency action, but for a different reason. The custodian was not a party to the dependency action, and, therefore, she lacked standing to appeal the final judgment entered in the dependency action.

In B.V. v. Macon County Department of Human Resources, 14 So. 3d 171, 175 (Ala. Civ. App. 2009), the Macon County Department of Human Resources ("the Macon County DHR") commenced a dependency proceeding involving a disabled child, whom the Macon County DHR placed with foster parents, B.V. and D.V. The foster parents filed a contempt motion against the Macon County DHR in the dependency proceeding, which motion the Macon County DHR moved to dismiss,

arguing that, under Ala. Code 1975, former § 12-15-65(a), the foster parents were not parties to the dependency proceeding. At the time, former § 12-15-65(a) provided:

> "[F]oster parents who have been approved by the Department of Human Resources providing care to a child shall be given notice and an opportunity to be heard in any hearing to be held with respect to a child in their care, except that no such person shall be made a party to the case by virtue solely of such notice and opportunity to be heard."

The Macon County DHR also argued that the foster parents could become parties only by formally intervening in the dependency proceeding pursuant to Rule 24, Ala. R. Civ. P. Subsequently, the foster parents filed a custody petition in the dependency proceeding, which the Macon Juvenile Court dismissed. On appeal, this court determined that the foster parents had not successfully intervened in the dependency proceeding and, therefore, were not parties to the case. This court held that, because only parties have standing to appeal from a judgment entered in a dependency proceeding, the foster parents lacked standing to appeal, and, thus, their appeal was dismissed.

Former § 12-15-65(a) has been repealed. Section 12-15-307, Ala. Code 1975, now provides:

"Relative caregivers, preadoptive parents, and foster parents of a child in foster care under the responsibility of the state shall be given notice, verbally or in writing, of the date, time, and place of any juvenile court proceeding being held with respect to a child in their care.

"Foster parents, preadoptive parents, and relative caregivers of a child in foster care under the responsibility of the state have a right to be heard in any juvenile court proceeding being held with respect to a child in their care.

"No foster parent, preadoptive parent, and relative caregiver of a child in foster care under the responsibility of the state shall be made a party to a juvenile court proceeding solely on the basis of this notice and right to be heard pursuant to this section."

Thus, as was the case when B.V. was decided, the law remains that a foster parent or other caregiver of a dependent child is not automatically accorded the status of a party in a dependency proceeding. To become a party, the caregiver must intervene in the dependency proceeding pursuant to Rule 24.

In this case, the custodian did not file a motion to intervene in the dependency action to petition for custody of the child. She faults the juvenile court and DHR for failing to inform her that she needed to do so, but the juvenile court and DHR had no duty under the AJJA to inform the custodian of how to become a party to the dependency action, even when considering that she was a pro se litigant. "A party acting pro se

must comply with legal procedure and court rules and may not avoid the effect of the rules due to unfamiliarity." Lockett v. A.L. Sandlin Lumber Co., 588 So. 2d 889, 890 (Ala. Civ. App. 1991). The custodian has not cited any applicable law demonstrating that her due-process rights were violated by the alleged failure of the juvenile court and DHR to provide her with legal advice and assistance so that she could secure her status as party to the dependency action. See Rule 28(a)(10), Ala. R. App. P.

As we said in B.V.:

> "'"Unless a person is a party to a judgment, he can not appeal from that judgment. That fundamental principle is one of the oldest in Alabama jurisprudence." Daughtry v. Mobile County Sheriff's Dep't, 536 So. 2d 953, 954 (Ala. 1988). "One must have been a party to the judgment below in order to have standing to appeal any issue arising out of that judgment." Mars Hill Baptist Church of Anniston v. Mars Hill Missionary Baptist Church, 761 So. 2d 975, 980 (Ala. 1999) (emphasis added).'
>
> "Boschert Merrifield Consultants, Inc. v. Masonite Corp., 897 So. 2d 1048, 1051-52 (Ala. 2004)."

14 So. 3d at 175. In the absence of an order allowing the custodian to intervene, the custodian was not a party to the dependency action, and,

9

therefore, she was not a party to the final judgment entered in the dependency action.[1]  Therefore, she cannot appeal from that judgment.

Conclusion

For the foregoing reasons, we dismiss the appeal.

APPEAL DISMISSED.

Hanson, Fridy, and Bowden, JJ., concur.

Edwards, J., concurs in the result, without opinion.

---

[1]Because she did not formally intervene in the dependency action, the maternal great-aunt also was not a party to that action; nonetheless, the juvenile court had jurisdiction to award her custody of the child pursuant to Ala. Code 1975, § 12-15-314(a)(3)c. (providing that a juvenile court may transfer custody of a dependent child to "[a] relative or other individual who, after study by the Department of Human Resources, is found by the juvenile court to be qualified to receive and care for the child").  Based on our disposition of this appeal, we express no opinion as to the correctness of the final judgment entered in the dependency action awarding the maternal-great aunt custody of the child.